980 So.2d 140 (2008)
BROADSCAPE.COM, INC.
v.
Robert H. MATTHEWS, Pauline M. Warriner and Christopher B. Edwards.
No. 2007-CA-0545.
Court of Appeal of Louisiana, Fourth Circuit.
March 5, 2008.
*141 Shawn T. Deggins, Deggins & Associates, L.L.C., New Orleans, LA, for Plaintiff/Appellant, Broadscape.com, Inc.
Christopher B. Edwards, Gretna, LA, Robert H. Matthews, Pauline M. Warriner, New Orleans, LA, for Defendants/Appellees, Robert H. Matthews, Pauline M. Warriner, and Christopher B. Edwards.
(Court composed of Judge CHARLES R. JONES, Judge EDWIN A. LOMBARD, Judge LEON A. CANNIZZARO, JR.).
LEON A. CANNIZZARO, JR., Judge.
The plaintiff/appellant, Broadscape.com, Inc. ("Broadscape") appeals the trial court judgment dismissing its legal malpractice action with prejudice in favor of the defendants/appellees, Robert H. Matthews, Pauline M. Warriner and Christopher B. Edwards (collectively, "the defendants"). Finding no error in the trial court's judgment, we affirm.

FACTS AND PROCEDURAL HISTORY
The instant proceeding arises out of the defendants' representation of Broadscape in the legal malpractice action entitled "Broadscape.com, Inc. v. Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P., Richard T. Gallagher, Jr., Keith M. Landry, Dionne M. Rousseau, and "ABC" Insurance Company," No. 2001-7293, Div. "N", Section 8, Civil District Court for the Parish of Orleans. In February 2005, the defendants, on behalf of Broadscape, tried the case before a jury over the course of several days.[1] While the jury was deliberating the verdict, the defendants in the litigation, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P. ("Jones, Walker Law Firm"), Richard T. Gallagher, Jr., Keith M. Landry, Dionne M. Rousseau, and "ABC" Insurance Company offered to settle the malpractice claims by paying Broadscape the sum of $650,000. It is uncontested the defendants in the instant action advised their client, Broadscape, through its president, Anthony J. Salvaggio, to accept the offer. Notwithstanding, the advice of counsel, Mr. Salvaggio rejected the offer. On February 28, 2005, the jury rendered a verdict finding Broadscape fifty-percent (50%) at fault and awarding it the sum of $85,000.00 against Mr. Gallagher and the Jones, Walker Law Firm. In turn, the law firm was awarded the sum of $1,249.15 against Broadscape.
On March 3, 2005, Broadscape, who was represented by the defendants, entered into a "Mutual Satisfaction of Judgment and Mutual Release" with Mr. Gallagher and the Jones, Walker Law Firm wherein Broadscape was paid the sum of $102,223.90. Further, pursuant to the written agreement, all parties mutually granted a full release to each other from any further liability or responsibility under the judgment, as well as waived all rights to appeal or file post-trial motions.
*142 On October 20, 2005, Broadscape filed the instant malpractice action alleging the defendants failed to present at trial sufficient evidence of its economic loss. It further asserts, following the trial, the defendants neglected to file motions seeking a new trial or a judgment notwithstanding the verdict, as well as neglected to seek appellate relief. In response, on April 12, 2006, the defendants filed a dilatory exception of lack of procedural capacity seeking dismissal of the suit. In support, it presented evidence indicating Broadscape was not, at the time it instituted the malpractice action against the defendants, licensed to do business in the State of Louisiana, as required by La. R.S. 12:314. On April 27, 2006, Broadscape filed a Supplemental and Amending Petition for Damages and Opposition to Defendant's Dilatory Exception of Lack of Procedural Capacity attesting that it was authorized to do business in Louisiana. As evidence, it attached a certificate from the Louisiana Secretary of State indicating that it became authorized to do business two days earlier, on April 25, 2006. Based on Broadscape's filings, the trial court overruled the dilatory exception for lack of procedural capacity.
On June 26, 2006, Mr. Matthews and Ms. Warriner filed a Peremptory Exception of Peremption and No Cause of Action, and a Motion for Summary Judgment. Shortly thereafter, Mr. Edwards filed similar pleadings adopting the arguments of his codefendants. Specifically, the defendants urged Broadscape's malpractice action was untimely filed under the provisions of La. R.S. 9:5605. They argued that, although the suit was filed within one year of the alleged misconduct, Broadscape lacked capacity to institute the suit since it was not licensed to do business in Louisiana at the time of the filing. It further acknowledged that, by the time Broadscape became licensed, the one-year peremptive period had expired and, as such, the supplemental and amending petition did not relate back so as to cure the timeliness defect.
Subsequently, the trial court scheduled the defendants' exceptions and motion for a hearing on September 8, 2006. However, on August 31, 2006, Broadscape, in proper person through Mr. Salvaggio, moved to continue the hearing on the basis that his attorney withdrew from representation. Broadscape alleged in its motion that it had "substantive negotiations underway with prospective counsel." The following day, the trial court issued an order granting Broadscape's motion, and continued the hearing until October 13, 2006.
On October 13, 2006, the trial court conducted the scheduled hearing. No one appeared on behalf of Broadscape. The trial court rendered a final judgment granting the exceptions of peremption and no cause of action and motions for summary judgment. As such, it dismissed with prejudice Broadscape's malpractice action.
Subsequently, Broadscape's newly retained attorney filed a Motion and Order to Annul Judgment and/or Motion for New Trial alleging Broadscape did not receive proper notice of the October 13, 2006 hearing. Relying on the fact that the hearing had been originally continued at Mr. Salvaggio's own request and a member of her staff personally spoke to him regarding the rescheduled hearing date, the trial judge found no merit in Broadscape's claims of insufficient notice. As such, the trial judge denied the motion to annul judgment and new trial.
Broadscape timely filed the instant appeal contending the trial court erred in dismissing its malpractice action against the defendants. In support, it claims it *143 was denied procedural due process stemming from the lack of notice of the hearing on the defendants' peremptory exceptions and motions for summary judgment. As to the merits of the defendants' exceptions and motions, Broadscape argues the trial court erred in finding its claim was perempted under La. R.S. 9:5605.

LAW AND ARGUMENT

Procedural Due Process-Lack of Notice
As a threshold matter, we will address Broadscape's procedural due process claim that it did not have adequate notice of the hearing on the defendants' exceptions of peremption and no cause of action, as well as motions for summary judgment.
Broadscape's motion to continue the hearing was filed on August 31, 2006. The following day, the trial judge rendered an order continuing the hearing for approximately six weeks, until October 13, 2006. While Mr. Salvaggio concedes he filed in proper person the motion to continue the hearing so he could seek new counsel for Broadscape, Mr. Salvaggio nevertheless waited until the week of the rescheduled hearing to retain counsel to represent Broadscape, despite the lengthy delay granted to him by the trial court.
Mr. Salvaggio insists he never received written notice from the trial court of the date of the continuance. Yet, he admits that he contacted the trial court and confirmed through a clerk that his motion was granted, and that he "wrote down a hearing date he believed the clerk said to be October 18; [sic] 2006." [Emphasis added.] Broadscape's Post Oral Argument Brief at 1. It is undisputed the defendants received notice from the court in writing and by telephone of the rescheduled hearing date. This was clearly evidenced by their presence at the hearing. In her written Reasons for Judgment relative to Broadscape's Motion to Annul Judgment and/or Motion for Summary Judgment, the trial judge stated Mr. Salvaggio was properly informed of the new trial date by her staff, as well as was advised no further continuances would be given. She attributed Broadscape's failure to appear at the hearing solely to Mr. Salvaggio's "mistaken calendaring." We find this conclusion is supported by the record.
Finally, Broadscape's reliance on La. Code of Civil Procedure Articles 1313 and 1314 is misplaced. These provisions pertain to service of pleadings on an adverse party subsequent to the filing of a petition. Ironically, these codal articles place the responsibility on Broadscape to provide notice of any pleadings it filed. It is evident these statutory obligations do not pertain to the trial court.
Accordingly, we find no error in the trial court's conclusion that Broadscape had adequate notice of the hearing on the defendants' motions.

Peremption

Relating Back of Supplemental and Amending Petition
We now turn our attention to the merits of the defendants' exceptions of peremption and no cause of action, as well as the motions for summary judgment. Each of these pleadings is premised on the assertion that the Broadscape's malpractice action was perempted under La. R.S. 9:5605.[2] This provision dictates the time *144 limitations for the filing of a legal malpractice action. It provides, in pertinent part:
A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred . . . The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

* * *
E. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.
[Emphasis added.]
The clear wording of the statute indicates the Legislature intended the latest one can file a legal malpractice action is three years from the date of the alleged act of malpractice, or one year from the date of discovery of the alleged act of malpractice, whichever comes first. Reeder v. North, 97-0239 (La.10/21/97), 701 So.2d 1291, 1295.
In its original petition, Broadscape alleges the defendants' alleged misconduct giving rise to the instant proceedings stemmed from the attorneys' failure to present certain evidence at trial, as well as failure to seek post-trial supervisory and appellate relief. The defendants do not dispute that Broadscape's malpractice action, which was instituted on October 20, 2005, was filed within one year of the February 2005 trial, the period of the alleged misconduct. Rather, they argue, at the time of the filing of the original petition, Broadscape was a foreign corporation actually doing business within this State, without being authorized to do so, and, thus, was barred from instituting any litigation in Louisiana. As to Broadscape's lack of authority, the defendants rely on La. R.S. 12:314(A), entitled "Transacting business without authority." It provides in pertinent part:

No foreign corporation transacting business in this state shall be permitted to present any judicial demand before any court of this state unless it has been authorized to transact such business, if required by, and as provided in, this Chapter. The burden of proof shall rest upon the corporation to establish that it has been so authorized, and the only legal evidence thereof shall *145 be the certificate of the secretary of state or a duly authenticated copy thereof.
[Emphasis added.]
Further, the defendants acknowledge that Broadscape became licensed to do business, on April 25, 2006, through the office of the Louisiana Secretary of State and filed a supplemental and amending petition attesting to such. However, the licensure and supplemental filing occurred after February 2006, the expiration of the one-year peremptive period set forth in La. R.S. 9:5606. As such, the defendants contend the supplemental filing does not relate back to the date of the original petition so as to cure the deficiency. In contrast, Broadscape asserts the necessity for its compliance with La. R.S. 12:314 was merely a "technicality". Thus, it claims, for prescriptive purposes, the supplemental filing relates back to the date of the timely filing of the original petition in October 2005. We disagree.
Subsection B of La. R.S. 9:5605 explicitly provides that the one-year and three-year periods of limitation set forth in Subsection A are peremptive periods, not prescriptive. At first glance, there may not be much difference between prescription and peremption since both have the effect of terminating litigation. Notwithstanding, the two theories vastly differ in their operation. With prescription, the enforcement of a right by legal action is barred, but it does not terminate the natural obligation. La. C.C. art. 3447. Thus, it may be interrupted, suspended, and renounced since it is an inchoate right. Prescription is also subject to the suspensive principle of contra non valentem, a judicially created doctrine that is applied to prevent the running of prescription in instances where good cause results in a plaintiff's inability to exercise his cause of action at accrual. Reeder v. North, 701 So.2d at 1298. In contrast, public policy dictates that peremption extinguish or destroy a right to legal action after passage of a specified period. La. C.C. art. 3458. As such, nothing may interfere with the running of a peremptive period. Therefore, it may not be interrupted, suspended, or renounced. La. C.C. art. 3461.
Applying these principles, it is undisputed the one-year period at issue is peremptive in nature. At the time of the expiration of the time delay in February 2006, Broadscape still lacked legal authority under La. R.S. 12:314 to institute the action. Since the peremptive period could not be interrupted or suspended, the subsequent efforts to cure the defect in legal capacity did not relate back so as to suspend the running of the time delay. Based on our review of the record, we find no error in the trial court's legal conclusion that Broadscape's malpractice action is perempted.

Failure to Seek Appellate Relief
Nor do we find merit in Broadscape's assertion that its claim was timely filed within one year from the date that the appeal could have been filed in the case and, as such, not time-barred by peremption. Broadscape alleges the initial misconduct warranting the institution of the malpractice action occurred during the February 2005 trial, when the defendants allegedly failed to submit sufficient evidence of its economic losses. This period dictated the peremptive date for the filing since it is the earliest of the alleged misconduct. See, La. R.S. 9:5605(A) (action must be filed "within one year from the date of the alleged act, omission, or neglect."). Notwithstanding, we also find an absence of professional liability for the defendants' failure to seek supervisory or appellate relief. In support, we rely on the March 3, 2005 mutual release agreement entered into between Mr. *146 Salvaggio, on behalf of Broadscape, and the Jones, Walker Law Firm, wherein Broadscape was paid a substantial sum in exchange for the waiver of its rights to appeal. Mr. Salvaggio does not allege any defect (i.e., duress, lack of capacity, fraud) that vitiated his consent to the release agreement. As such, he knowingly waived his right to appeal. We find it inappropriate and abusive for Mr. Salvaggio, on behalf of Broadscape, to now seek relief in this court in a professional liability action claiming injury arising from a failure to file an appeal when Broadscape was already handsomely compensated to waive its right to such.

Fraud
Finally, as to Broadscape's final argument on the issue of peremption, it asserts the defendants engaged in fraudulent conduct, which brings its action within the exception of La. R.S. 9:5605(E), whereby a party has one year from the discovery of fraudulent conduct within which to institute a legal malpractice action. The fraud exception referred to in Subsection E of La. R.S. 9:5605 references La. C.C. art. 1953. The latter provision defines "fraud" as ". . . a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction."
Specifically, Broadscape contends the defendants drafted and certified allegations in the preamble of the professional liability suit instituted against the Jones, Walker Law Firm that Broadscape was ". . . licensed to do and doing business in the Parish of Orleans, State of Louisiana . . ." In support of its claims of fraud, Broadscape argues that it is an "unjust advantage" for the defendants to rely on their "misrepresentation or suppression of the truth" in order to defeat the action now pending against them. Broadscape states that it was unaware of the requirement that it needed to be authorized to do business in Louisiana and did not learn of the requirement until the defendants' dilatory exception was filed against it. Relying on these assertions, Broadscape argues that, since its supplemental petition was timely filed within one year of the date it discovered the alleged fraudulent conduct (i.e., the date the dilatory exception was filed), the trial court erred in its determination that its action was perempted.
Addressing this argument, we conclude Broadscape failed to sustain its burden under La. R.S. 9:5605(E). The record is absent any evidence that the defendants knowingly and intentionally sought to deceive Broadscape and cause harm to it. While they erred in their statement that Broadscape was licensed to do business when the professional liability suit was filed against the parties involved in the Jones, Walker Law Firm litigation, there is no evidence the misstatement was intended to be deceptive or fraudulent in any way. Moreover, it stretches all reason and credibility to believe the defendants strategically placed false language in the preamble of the petition with the intent to hamper any malpractice suit Broadscape might file against the defendants in the foreseeable future. Rather, the record indicates Mr. Salvaggio, in his capacity as Broadscape's president and agent of record, signed the verification attesting to the correctness of the statements made in the petition. As founder and president of Broadscape, Mr. Salvaggio was cognizant of the fact the technology company was doing business in the State of Louisiana as early as March 2000 under a distribution contract. As such, we find little merit in Mr. Salvaggio's assertion that he was unaware, until the filing of the dilatory exception *147 in April 2006, his foreign corporation had to be licensed to do business in the State of Louisiana.
Additionally, the jurisprudence supports the conclusion that Broadscape's reliance on Subsection E of La. R.S. 9:5605 is misplaced. It argues in brief that the defendants' fraudulent conduct primarily stemmed from their knowledge that it was not licensed to do business. We recognize Broadscape does not assert that the alleged conduct giving rise to the malpractice action (the defendants' failure to present evidence at trial or seek post-trial supervisory and appellate relief) involved fraudulent conduct. Yet, the jurisprudence applying fraud provisions in malpractice actions applied it in cases where the alleged fraudulent act itself comprised the malpractice, unlike the case herein, where the alleged fraud was unrelated to the malpractice. See, Smith v. Slattery, 38-693, pp. 8-9 (La.App. 2 Cir. 6/23/04), 877 So.2d 244, 249 ("In cases of legal malpractice, the jurisprudence applying [La. C.C.P. art. 856] . . . does so in cases where it was the fraudulent act itself that constituted the malpractice, and not for fraud in the actions taken after the legal malpractice has occurred."); Atkinson v. LeBlanc, 03-365 (La.App. 5 Cir.10/15/03), 860 So.2d 60 (appellate court would not apply La. R.S. 9:5605(E) where the malpractice did not involve the fraudulent conduct at issue). Accordingly, we find no manifest error as to the trial court's conclusion that La. R.S. 9:5605(E) is inapplicable.

DECREE
The judgment of the trial court in favor of the defendants dismissing Broadscape's legal malpractice action with prejudice is affirmed.
AFFIRMED.
JONES, J., concurs in the result.
I concur in the result reached by the majority.
NOTES
[1] In the legal malpractice suit, Broadscape, a technology company, alleged Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P. erred in the drafting of a distribution and financing agreement relative to the development of computer monitors, resulting in $3.4 million dollars in economic losses.
[2] While not necessary, the defendants filed the exception of no cause of action out of an abundance of caution. In support, it relied on case law stating an exception of no cause of action is the proper procedural vehicle to assert the defense of peremption. See, Coffey v. Block, 99-1221, p. 8 (La.App. 1st Cir.6/23/00), 762 So.2d 1181, 1186 ("As a general rule, the peremptory exception of no cause of action is the correct procedural device for raising the issue of peremption. Dowell v. Hollingsworth, 94-0171 (La.App. 1st Cir.12/22/94), 649 So.2d 65, writ denied, 95-0573 (La.4/21/95), 653 So.2d 572.").