GUIDRY, J.
|gA biological father appeals a judgment dismissing his suit for the wrongful death of his son on the basis of no right of action and his paternity action on the basis of lack of subject matter jurisdiction and per-emption. For the following reasons, we affirm in part, vacate in part, and render.
*215 FACTS AND PROCEDURAL HISTORY
In August 2005, while Donnie Thomas, Sr., Amie Williams, and Amie’s children, Donnishia Williams, Ronnishia Thomas, and Donnie Thomas, Jr., slept, a fire occurred at the Ardenwood Park Apartments that claimed the lives of Amie and her four-year-old son, Donnie Jr. As a result of this tragedy, Donnie Sr. filed a petition for damages and wrongful death on August 26, 2005, asserting claims individually and on behalf of Donnishia and Ronnishia against Ardenwood Properties and Scottsdale Insurance Company (collectively “defendants”).
Defendants answered the petition, and in their answer, they asserted exceptions objecting to Donnie Sr.’s procedural capacity to file suit on behalf of Donnishia and Ronnishia and his right of action to file suit generally. Donnie Sr.’s claims on behalf Donnishia and Ronnishia were later dismissed pursuant to a partial motion to dismiss that was granted by the trial court in an order signed December 20, 2007.[1] Thereafter, Donnie Sr. filed a first supplemental and amending petition wherein he sought a judgment of paternity and property damage, as well as wrongful death damages for Donnie Jr., and bystander damages for witnessing the death of Amie and injury to Donnishia and Ronnishia.[2] After filing the amended petition, Donnie Sr. then filed a partial motion for summary judgment ^seeking an immediate judgment of paternity declaring him the natural father of Donnie Jr.
In response to the amended petition and in opposition to the partial motion for summary judgment, defendants filed an answer and exceptions urging the objections of no right of action, peremption, and lack of subject matter jurisdiction. The trial court held a joint hearing on the partial motion for summary judgment filed by Donnie Sr. and the exceptions filed by the defendants, following which the trial court rendered judgment to deny the partial motion for summary judgment, sustain the exceptions, and dismiss Donnie Sr.’s paternity claim and wrongful death action. Donnie Sr. devolutively appeals.
ASSIGNMENTS OF ERROR
1. The District Court erred when holding that it lacked authority to transfer the paternity claim after concluding that it lacked subject matter jurisdiction, and abused it discretion by failing to transfer the paternity claim to East Baton Rouge Parish Family Court in the interest of justice.
2. The District Court erred when ruling on the Exception of Peremption after concluding that it lacked subject matter jurisdiction over the paternity claim, and further erred by granting the Exception of Peremption.
3. The District Court erred when granting the Exception of No Right of Action based on the plaintiff’s failure to demonstrate paternity and/or file a paternity action.
*216 DISCUSSION
In his first two assignments of error, Donnie Sr. complains about the actions taken by the trial court in sustaining the objections lack of subject matter jurisdiction and peremption.
Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. La. C.C.P. art. 2. The trial court’s lack of jurisdiction to decide Donnie Sr.’s paternity claim is not contested. Louisiana Revised Statutes 13:1401(A)(1) provides that the East Baton Rouge Family Court (“Family Court”) has exclusive | Jurisdiction over all actions for establishment or disavowal of paternity. As such, the trial court, which in this case is the Nineteenth Judicial District Court, was divested of jurisdiction to decide such matters. See Welborn v. 19th Judicial District Court, 07-1087, p. 13 (La.1/16/08), 974 So.2d 1, 9.
Louisiana Code of Civil Procedure article 932(B) states that if an action has been brought in a court of improper jurisdiction, the court may transfer the action to a proper court in the interest of justice. The trial court, despite properly determining that it lacked subject matter jurisdiction to decide the paternity issue, nevertheless went on to rule that Donnie Sr.’s paternity claim was perempted and, thus it would not be in the interest of justice to transfer the paternity action to the Family Court. While there may be merit in the trial court’s determination, the fact remains that the trial court lacked jurisdiction to rule on the peremption issue. The Family Court alone had exclusive jurisdiction to determine the objection of peremption as it related to Donnie Sr.’s paternity action. Accordingly, the trial court’s ruling on the exception urging the objection of peremption is void. See La. C.C.P. art. 3 (“A judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void”); State v. Wade, 03-1364, p. 5 (La App. 1st Cir. 12/3/03), 868 So.2d 110, 113.
Nevertheless, as this court can raise the objection on peremption on its own motion, La. C.C.P. art. 927(B), and considering the plenary jurisdiction of this court, see La. Const, art. 5, § 10 and La. C.C.P. art. 2164, sound judicial discretion dictates that we recognize Donnie Sr.’s paternity action as perempted as a matter of law.
Filiation is the legal relationship between a child and his parent. La. C.C. art. 178. Filiation is established by proof of maternity, paternity, or adoption. La. C.C. art. 179. In the case of proof of paternity, especially in the event that the child sought to be filiated is deceased, La. C.C. art. 198 provides, in pertinent part, that “[i]n all cases, the action [to establish paternity] shall be instituted no later than | sone year from the day of the death of the child.” Moreover, the article expressly states that the time periods contained therein are peremptive.
In the matter before us, Donnie Jr. died on August 1, 2005. Donnie Sr. filed an original petition asserting his wrongful death claim on August 26, 2005, and in the petition, he plainly alleged that he was the “natural father” and “natural surviving father” of Donnie Jr. Yet, notably missing from the petition was a request to be legally recognized as Donnie Jr.’s natural father. Finally, in May 2008, Donnie Sr. filed an amended petition requesting a judgment of paternity with the trial court, which lacked subject matter jurisdiction to grant the request.
*217 The most recent pronouncement of the Louisiana Supreme Court regarding whether a tardily filed claim can relate back to the filing date of other timely filed claims when a peremptive period is involved is found in Naghi v. Brener, 08-2527 (La.6/26/09), 17 So.3d 919. Observing that statutes of peremption destroy the cause of action itself, so that after the limit of time expires, the cause of action no longer exists and is lost, the Court further pointed out that La. C.C. art. 3461 likewise provides that “[p]eremption may not be renounced, interrupted, or suspended.” Naghi, 08-2527 at 6, 17 So.3d at 923. The Court then went on to cite with approval the holding from Broadscape.com v. Matthews, 07-0545, p. 9 (La.App. 4th Cir.3/5/08), 980 So.2d 140, 145, in which the fourth circuit found that “[s]inee the per-emptive period could not be interrupted or suspended, the subsequent efforts to cure the defect in legal capacity did not relate back so as to suspend the running of the time delay.” The plaintiff company in Broadscape.com lacked procedural capacity, at the time it filed suit, to assert its cause of action and only acquired procedural capacity after the peremptive period had expired for asserting the cause of action.
Finally, the Louisiana Supreme Court itself held:
[T]here can be no escaping the fact that relation back interferes with the operation of the prescriptive or peremptive time period in that it avoids its operation. As one commentator has stated, that is the | fi“primary importance” of La. C.C.P. art. 1153. Maraist, supra, at p. 224. Because it is well established that “nothing may interfere with the running of a peremptive period,” ... and avoiding the peremptive period certainly interferes with the running of that period, relation back of an amended or supplemental pleading ... is not allowed to avoid the running of a peremptive period.... Further, the relation back theory assumes that there is a legally viable claim to which the pleading can relate back.
Naghi, 08-2527 at 10, 17 So.3d at 925 (case citations omitted).
Because Donnie Sr.’s action for paternity no longer existed after expiration of the one-year peremptive period provided in Article 198, nothing existed to which the amended or supplemental petition could relate back.[3] See Naghi, 08-2527 at 11, 17 So.3d at 925-26. Accordingly, on our on motion, we find Donnie Sr.’s paternity action perempted.
Having found Donnie Sr.’s paternity action perempted, we must now consider the defendants’ objection of no right of action. This court outlined the following principles to be considered in determining whether a party has a right of action:
The peremptory exception pleading the objection of no right of action tests whether the plaintiff has any interest in judicially enforcing the right asserted. See [La.] C.C.P. art. 927(A)(5)[.] When considering the exception, we ask whether the plaintiff belongs to a particular class for which the law grants a remedy for a particular grievance. The exception does not raise the question of the *218 plaintiffs ability to prevail on the merits nor the question of whether the defendant may have a valid defense. Evidence supporting or controverting an objection of no right of action is admissible. The party raising a peremptory exception bears the burden of proof. To prevail on a peremptory exception pleading the objection of no right of action, the defendant must show that the plaintiff does not have an interest in the subject matter of the suit or legal capacity to proceed with the suit.
Falcon v. Town of Berwick, 03-1861, p. 3 (La.App. 1st Cir.6/25/04), 885 So.2d 1222, 1224 (case citations omitted).
|7In the instant matter, the law clearly recognizes the right of a biological father to institute a wrongful death action on behalf of his child born out of wedlock, provided he has complied with the procedural formalities that would allow him to bring such an action. See Wiggins v. State through Department of Transportation and Development, 97-0432, p. 4 (La.App. 1st Cir.5/15/98), 712 So.2d 1006, 1009, writ not considered, 98-1652 (La.9/25/98), 726 So.2d 6 (wherein the court found that while the mother lacked procedural capacity to bring a tort claim on behalf of her minor child because she had not first been qualified as the child’s representative, the law, nevertheless, did recognize the mother’s right to institute such an action provided she “complied with the procedural formalities which allow her to qualify as the child’s representative”). While the trial court lacked subject matter jurisdiction to rule on the defendants’ objection of peremption, as we have properly ruled on and sustained the objection, as the matter now stands, Donnie Sr. has no right to pursue his wrongful death claim relative to Donnie Jr. Consequently, we reject Donnie Sr.’s third assignment of error.
CONCLUSION
Based on the foregoing reasons, we vacate the trial court’s judgment in so far as it sustained the peremptory exception based on peremption relative to Donnie Sr.’s paternity action; however, on our own motion, we render judgment decreeing the paternity action perempted. In all other respects, the judgment of the trial court is affirmed. All costs of this appeal are assessed to the appellant, Donnie Thomas, Sr.
AFFIRMED IN PART, VACATED IN PART, AND RENDERED.
PETTIGREW, J., concurs.

. A separate petition for damages was filed on behalf of Donnishia and Ronnishia by their maternal grandmother, Shirley Sanders Williams, who secured appointment as tutrix of her minor granddaughters. Ms. Williams' suit was consolidated with Donnie Sr.’s, but later was dismissed following settlement of the minor girls' claims.

. In the amended petition, Donnie Sr. again urged claims on behalf of Donnishia and Ron-nishia that were later dismissed pursuant to an objection of res judicata sustained by the trial court.

. Moreover, we find Donnie Sr.’s reliance on Reese v. State, Department of Public Safety and Corrections, 03-1615 (La.2/20/04), 866 So.2d 244 to be inappropriate. The Reese case involved a time limitation for asserting a filiation action for purposes of pursuing a wrongful death claim under former La. C.C. art. 209, which time limitation was a prescriptive period. Thus, the holding of that case would not apply in this matter, which involves a peremptive period.