## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-342

FIDEL UDOMEH, INDIVIDUALLY
AND ON BEHALF OF THE ESTATE OF
THE MINOR CHILD, S.U.

VERSUS

SANDRA JOSEPH, ET AL.

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 09-C-4805-B
HONORABLE ELLIS J. DAIGLE, DISTRICT JUDGE

**********

## OSWALD A. DECUIR
## JUDGE

**********

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Jimmie C. Peters, Judges.

**Cooks, J., dissents and assigns written reasons.**

MOTION TO STRIKE GRANTED
AND JUDGMENT AFFIRMED.

Joseph R. Joy, III
Attorney at Law
P. O. Box 4929
Lafayette, LA 70502
(337) 232-8123
Counsel for Plaintiffs/Appellants:
    Fidel Udomeh, et al.

**Gordon J. Schoeffler**
**Attorney at Law**
**P. O. Box 4929**
**Lafayette, LA 70502**
**(337) 232-8123**
**Counsel for Plaintiffs/Appellants:**
        **Fidel Udomeh, et al**

**Frank X. Neuner, Jr.**
**Jennie P. Pellegrin**
**Laborde & Neuner**
**P.O. Drawer 52828**
**Lafayette, LA 70505-2828**
**(337) 237-7000**
**Counsel for Defendant/Appellee:**
        **State of Louisiana, Department of Social Services**

**Laura Lee Putnam**
**Assistant Attorney General**
**Louisiana Department of Justice**
**556 Jefferson Street, 4th Floor**
**Lafayette, LA 70502**
**(337) 262-1700**
**Counsel for Defendants/Appellees:**
        **University Medical Center-Lafayette**
        **State of Louisiana, through LSUHealth System**

**DECUIR, Judge.**

An alleged biological father appeals a judgment dismissing his suit for the wrongful death of his son on the basis of no right of action. For the following reasons, we affirm.

## FACTS

Fidel Udomeh (Udomeh) alleges that he and Sandra Joseph (Joseph) are the biological parents of S.U. S.U. was born on June 16, 1997. Udomeh and Joseph were never married and separated from each other early in S.U.'s life. However, Udomeh alleges that he has maintained an active role as father in his son' s life.

In February 2006, Udomeh found out that Joseph had taken S.U. to a tall building in Baton Rouge, Louisiana and attempted to commit suicide with S.U. by seeking to jump from the building. S.U. was able to persuade Joseph not to jump.

Subsequently, Joseph voluntarily committed herself for psychiatric treatment at Vermillion Hospital in Lafayette, Louisiana. A few days later she was released.

Udomeh made a formal complaint to the State of Louisiana, through Department of Social Services, via its Office of Community Services/Children, Youth, and Family Services (LDSS) seeking an investigation and protection for S.U. Udemeh alleges that LDSS responded with a form letter stating "unable to investigate the situation because it does not meet the legal and policy definition of child abuse or neglect."

In January 2009, Joseph, who was employed by LDSS, experienced a psychotic episode at a local restaurant while S.U. was with her. The Lafayette City Police escorted Joseph to University Medical Center (UMC) for treatment. Joseph was released with S.U. in her custody.

Later that month, Joseph exhibited strange and erratic behavior at work. This behavior prompted her LDSS coworkers to file complaints, incident reports and to voice concern in view of Joseph's status as caretaker for S.U.

On February 21, 2009, Joseph took S.U. to Grand Coteau, Louisiana, where she ordered him out of the vehicle. Joseph then intentionally ran over S.U. repeatedly until he was dead.

Udomeh filed a wrongful death action naming Joseph, UMC, and LDSS as defendants. Defendants LDSS and UMC filed exceptions of no right of action and/or lack of procedural capacity. The trial court sustained the exceptions of and dismissed Udomeh' action against UMC and LDSS with prejudice.

Udomeh lodged this appeal.

## DISCUSSION

At the outset, we grant the Defendants' motion to strike references to and copies of documents and records attached to Udomeh's brief to this court which were not introduced in the court below. These items are not a part of the record and will not be considered by this court.

Udomeh alleges that the trial court erred in granting the exception of no right of action because :

1) La.C.C. Art. 198 does not require that a father file suit to establish paternity before having a right of action for wrongful death,

2) Such a finding leads to inequitable, unjust, and otherwise absurd consequence, and

3) The court should have considered the dilatory exceptions of lack of procedural capacity instead.

We disagree. This court discussed the exception of no right of action in *Way v. Andries*, 02-57, p. 2 (La.App. 3 Cir. 6/5/02), 819 So.2d 465, 467-68 as follows:

> The purpose of an exception of no right of action is to test whether a plaintiff has a real and actual interest in the action. In *Louisiana*

*Paddlewheels v. Louisiana Riverboat Gaming Comm'n*, 94-2015 (La.11/30/94), 646 So.2d 885, 888, the supreme court explained the exception as follows:

> The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. *Babineaux v. Pernie-Baily [Bailey] Drilling Co.*, 261 La. 1080, 262 So.2d 328 (1972). The exception of no right of action assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case has a legal interest in the subject matter of the litigation. [Footnote omitted.]
>
> The exception of no right of action addresses itself to whether the particular plaintiff falls, as a matter of law, within the general class of those to whom the law grants the cause of action being asserted in the suit. *Wonycott v. Wonycott*, 579 So.2d 506 (La.App. 4 Cir.1991), citing *Bielkiewicz v. Rudisill*, 201 So.2d 136 (La.App. 3 Cir. 1967). This objection is a threshold device to terminate a suit brought by one who has no interest in judicially enforcing the right asserted. *Roger Boc, L.L.C. v. Weigel*, 99-570 (La.App. 3 Cir. 11/3/99), 744 So.2d 731; *Meche v. Arceneaux*, 460 So.2d 89 (La.App. 3 Cir.1984).

Thus the issue before us is whether Udomeh is one of the class of persons permitted to bring a wrongful death action arising from the death of S.U. The first circuit addressed this specific issue in *Thomas v. Ardenwood Properties*, 10-26 (La.App. 1 Cir. 6/11/10), 43 So.3d 213, 218, *writ denied*, 10-1629 (La. 10/8/10), 46 So.3d 1272, as follows:

> Evidence supporting or controverting an objection of no right of action is admissible. The party raising a peremptory exception bears the burden of proof. To prevail on a peremptory exception pleading the objection of no right of action, the defendant must show that the plaintiff does not have an interest in the subject matter of the suit or legal capacity to proceed with the suit.
>
> *Falcon v. Town of Berwick*, 03-1861, p. 3 (La.App. 1st Cir. 6/25/04), 885 So.2d 1222, 1224 (case citations omitted).

In the instant matter, the law clearly recognizes the right of a biological father to institute a wrongful death action on behalf of his child born out of wedlock, provided he has complied with the procedural formalities that would allow him to bring such an action. *See Wiggins v. State through Department of Transportation and*

3

*Development*, 97-0432, p. 4 (La.App. 1st Cir. 5/15/98), 712 So.2d 1006, 1009, *writ not considered*, 98-1652 (La. 9/25/98), 726 So.2d 6.

With regard to the procedural requirements, the court said:

> Filiation is the legal relationship between a child and his parent. La. C.C. art. 178. Filiation is established by proof of maternity, paternity, or adoption. La. C.C. art. 179. In the case of proof of paternity, especially in the event that the child sought to be filiated is deceased, La. C.C. art. 198 provides, in pertinent part, that "[i]n all cases, the action [to establish paternity] shall be instituted no later than one year from the day of the death of the child." Moreover, the article expressly states that the time periods contained therein are peremptive.

*Id*. at 216 (alterations in the original).

In the matter before us, S.U. died on February 21, 2009. Udomeh did not file a petition to establish paternity within the peremptive period. Udomeh filed an original petition asserting his wrongful death claim on September 8, 2009, though he alleged that he was the biological parent of S.U., he made no request to be legally recognized as S.U.'s natural father. On September 10, 2010, when the defendants filed their exceptions, Udomeh had still not established filiation. Moreover, he could no longer do so, because the peremptive period had expired.

The effect of statutes of peremption is to destroy the cause of action itself, so that after the limit of time expires, the cause of action no longer exists; it is lost. *Naghi v. Brener*, 08-2527, p. 6 (La. 6/26/09), 17 So.3d 919.

Accordingly, Udomeh can no longer establish filiation because the cause of action no longer exists. The trial court did not err in granting the exception of no right of action. Udomeh is not currently in the class of persons who are entitled to bring a wrongful death action, and he is barred by peremption from curing that defect.

**DECREE**

For the foregoing reasons, the Defendants' motion to strike is granted, and the judgment of the trial court is affirmed. All costs of these proceedings are taxed to appellant, Fidel Udomeh.

**MOTION TO STRIKE GRANTED AND JUDGMENT AFFIRMED.**

FIDEL UDOMEH, INDIVIDUALLY
AND ON BEHALF OF THE ESTATE OF
THE MINOR CHILD, S.U.

VERSUS

SANDRA JOSEPH, ET AL.


**COOKS, J., dissenting.**

I respectfully disagree with the majority opinion's affirmation of the trial court's judgment dismissing Mr. Udomeh's suits surrounding the death of his son. I do not find that La.Civ.Code art. 198 mandates that a father file suit to establish paternity prior to having the right of action to pursue the wrongful death and survival actions provided by La.Civ.Code arts. 2315.1 and 2315.2.

Without question La.Civ.Code arts. 2315.1 and 2315.2 provide that the biological father is a proper party to bring a wrongful death or survival action for the loss of his child. Defendants in brief state Mr. Udomeh "put on no evidence whatsoever at the hearing regarding the familial relationship between father and child." I disagree with that contention. The trial court specifically noted during arguments, "there's no doubt that [Mr. Udomeh] acknowledged the child." Thus, Mr. Udomeh, as the biological father of S.U., which he alleged in his petition, is a proper party under La.Civ.Code arts. 2315.1 and 2315.2 to bring his tort claims. Thus, Mr. Udomeh had a right of action under the above articles, and there is no question Mr. Udomeh filed his wrongful death and survival claims within the one-year prescriptive period applicable to those claims. Despite this, the trial court and the majority would deny Mr. Udomeh his right to bring suit based on the language

found in La.Civ.Code art. 198, which provides:

> A man may institute an action to establish his paternity of a child at any time except as provided in this Article. The action is strictly personal.

> If the child is presumed to be the child of another man, the action shall be instituted within one year from the day of the birth of the child. Nevertheless, if the mother in bad faith deceived the father of the child regarding his paternity, the action shall be instituted within one year from the day the father knew or should have known of his paternity, or within ten years from the day of the birth of the child, whichever first occurs.

> In all cases, the action shall be instituted no later than one year from the day of the death of the child.

> The time periods in this Article are peremptive.

I note initially, that there is no mandate in Louisiana law that a father has to formally file an action to filiate a child to assert an article 2315 claim. He can acknowledge the child through support, care, and love. The trial court specifically found Mr. Udomeh did so in this case. Louisiana Civil Code article 198, by its own language, states that "[a] man *may* institute an action to establish his paternity of a child at any time except as provided in this Article." Thus, it does not mandate that a putative father file a paternity action, it just sets the time delays should he choose to do so. This reinforces my belief that it is incorrect to allow the permissive language of La.Civ.Code art. 198 to thwart the right of action provided to biological fathers to bring actions under our tort laws.

Further, in the comments following this article it states that the purpose for the provision establishing a one-year preemptive period for instituting the action following the death of a child, is so "a father who failed during a child's life to assume his parental responsibilities should not be permitted unlimited time to institute an action to benefit from the child's death." In this case, Mr. Udomeh cannot be said to be a father who did not "assume his parental responsibilities." Again, the trial court specifically stated "there's no doubt that [Mr. Udomeh]

acknowledged the child." Thus, the purpose for the article is not furthered by the trial court's and majority's decision in this case. Allowing a technical provision of our state's family law, the purpose of which is not furthered in this case, to thwart the right of action granted to the biological father by the tort laws of our State is an affront to justice and most certainly leads to absurd consequences.

The majority cites the case of *Thomas v. Ardenwood Properties*, 10-26 (La.app. 1 cir. 6/11/10), 43 So.3d 213, for its position that Mr. Udomeh is required to successfully file suit under La.Civ.Code art. 198 to gain the right of action to file his tort suits. In *Thomas*, a putative father timely brought an action for the wrongful death of his illegitimate child who was killed in a fire. In that case, the defendants filed an exception of no right of action resulting from the putative father's failure to establish paternity within the delays set forth in La.Civ.Code art. 198. The court in *Thomas*, while acknowledging the right granted by our tort laws for a biological father to bring a wrongful death action on behalf of his illegitimate son, held the father can only do so after establishing paternity through La.Civ.Code art. 198.

I respectfully disagree with the first circuit's decision in *Thomas*, and instead find the case of *Gibbs v. Delatte*, 05-821 (La.App. 1 Cir. 12/22/05), 927 So.2d 1131, which was another first circuit case, is a sounder interpretation of the interplay between the tort and family law articles at issue in this case. In *Gibbs*, the alleged half-siblings of their decedent half-brother, born out of wedlock, brought wrongful death and survival actions following a fatal automobile accident. As here, the defendants in *Gibbs* filed an exception of no right of action contending the half-siblings were not entitled to bring the wrongful death or survival actions because they did not institute a timely filiation action pursuant to former La.Civ.Code art. 209 (which dealt with a child's action to determine paternity). The court in G*ibbs* held La.Civ.Code art. 209 could not override the rights given

by La.Civ.Code arts. 2315.1 and 2315.2 to file their tort claims, provided they do so within the time delays allowed by law governing delictual actions.

Defendants attempt to distinguish *Gibbs* because it involved relationships between siblings rather than the parent/child relationship as here. While this distinction is true, it does not diminish the court's finding that the inherent right provided to file suit to the class of litigants in La.Civ.Code arts. 2315.1 and 2315.2 cannot be overridden by a statute found in the family law section of the civil code.

I also am troubled by the timeline of events in this case. The death of S.U. occurred on February 21, 2009. The lawsuit was filed on September 9, 2009. On November 24, 2009, University Medical Center answered the lawsuit without raising any exceptions. On December 15, 2009, the State of Louisiana, through the Department of Social Services filed only a declinatory exception of insufficiency of process. No exception of lack of procedural capacity was filed until after one year passed from the death of S.U. Clearly, the Defendants waited for that date to pass before filing that exception. Had an exception of lack of procedural capacity been filed earlier, Mr. Udomeh could have cured the procedural defect.

I also find the interests of justice are not furthered by the majority's decision to grant the Motion to Strike in this case. Defendants clearly were attempting to keep out evidence which Mr. Udomeh desired to present to establish he was the biological father of S.U. At the hearing on the exception, counsel for Mr. Udomeh argued that Mr. Udomeh is listed as the father of S.U. on the birth certificate, and has at all times maintained himself out to the community as S.U.'s father. It was also asserted that Mr. Udomeh provided support voluntarily to the child for years, until the mother filed for state mandated child support in 2001. Court proceedings were then held wherein it was determined Mr. Udomeh was indeed the biological father of S.U., and he was ordered to pay monthly child support. Lastly, it was noted that Mr. Udomeh was listed as the father on the death certificate. There was

no argument from defendants at the hearing disputing any of the assertions made by Mr. Udomeh's counsel. Instead, Defendants filed the Motion to Strike in an attempt to keep any such evidence of Mr. Udomeh's acknowledgment of S.U. from being brought out. Given the trial judge's statement that he had "no doubt that [Mr. Udomeh] acknowledged the child," I believe the granting of the Motion to Strike would promote a grave injustice Defendants knowingly seek to benefit from, despite the fact that an action was instituted in which filiation was asserted within one year. The caption of Mr. Udomeh's suit or the improper joinder of his claims or issues in his petition should not defeat his La.Civ.Code arts. 2315.1 and 2315.2 wrongful death and survival actions when the law provides an alternative to Defendants, i.e., severance of the claims by filing a dilatory exception under La.Code Civ.P. art. 926(A)(7) (improper cumulation of actions, including improper joinder of parties). None of the Defendants filed such an exception in this case. Louisiana Code of Civil Procedure article 926(A)(6) also provides that the "Lack of procedural capacity" must be raised by dilatory exception. Defendants also failed to raise this ground; and, paragraph B of this article clearly provides "[a]ll objections which may be raised through the dilatory exception are *waived unless pleaded therein*." (Emphasis added). Further, Mr. Udomeh's attorney, like many yet to face the harsh application of La.Civ.Code art. 198 if the majority opinion stands, will potentially face a malpractice claim. This would, in my view, be a double injustice!