COOKS, J.,
dissenting.
hi respectfully disagree with the majority opinion’s affirmation of the trial court’s judgment dismissing Mr. Udomeh’s suits surrounding the death of his son. I do not find that La.Civ.Code art. 198 mandates that a father file suit to establish paternity prior to having the right of action to pursue the wrongful death and survival actions provided by La.Civ.Code arts. 2315.1 and 2315.2.
Without question La.Civ.Code arts. 2315.1 and 2315.2 provide that the biologi *527 cal father is a proper party to bring a wrongful death or survival action for the loss of his child. Defendants in brief state Mr. Udomeh “put on no evidence whatsoever at the hearing regarding the familial relationship between father and child.” I disagree with that contention. The trial court specifically noted during arguments, “there’s no doubt that [Mr. Udomeh] acknowledged the child.” Thus, Mr. Udo-meh, as the biological father of S.U., which he alleged in his petition, is a proper party under La.Civ.Code arts. 2315.1 and 2315.2 to bring his tort claims. Thus, Mr. Udo-meh had a right of action under the above articles, and there is no question Mr. Udo-meh filed his wrongful death and survival claims within the one-year prescriptive period applicable to those claims. Despite this, the trial court and the majority would deny Mr. Udomeh his right to bring suit based on the language fifound in La.Civ. Code art. 198, which provides:
A man may institute an action to establish his paternity of a child at any time except as provided in this Article. The action is strictly personal.
If the child is presumed to be the child of another man, the action shall be instituted within one year from the day of the birth of the child. Nevertheless, if the mother in bad faith deceived the father of the child regarding his paternity, the action shall be instituted within one year from the day the father knew or should have known of his paternity, or within ten years from the day of the birth of the child, whichever first occurs.
In all cases, the action shall be instituted no later than one year from the day of the death of the child.
The time periods in this Article are peremptive.
I note initially, that there is no mandate in Louisiana law that a father has to formally file an action to filiate a child to assert an article 2315 claim. He can acknowledge the child through support, care, and love. The trial court specifically found Mr. Udo-meh did so in this case. Louisiana Civil Code article 198, by its own language, states that “[a] man may institute an action to establish his paternity of a child at any time except as provided in this Article.” Thus, it does not mandate that a putative father file a paternity action, it just sets the time delays should he choose to do so. This reinforces my belief that it is incorrect to allow the permissive language of La.Civ.Code art. 198 to thwart the right of action provided to biological fathers to bring actions under our tort laws.
Further, in the comments following this article it states that the purpose for the provision establishing a one-year preemptive period for instituting the action following the death of a child, is so “a father who failed during a child’s life to assume his parental responsibilities should not be permitted unlimited time to institute an action to benefit from the child’s death.” In this case, Mr. Udomeh cannot be said to be a father who did not “assume his parental responsibilities.” Again, the trial court specifically stated “there’s no doubt that [Mr. Udomeh] [ .^acknowledged the child.” Thus, the purpose for the article is not furthered by the trial court’s and majority’s decision in this case. Allowing a technical provision of our state’s family law, the purpose of which is not furthered in this case, to thwart the right of action granted to the biological father by the tort laws of our State is an affront to justice and most certainly leads to absurd consequences.
The majority cites the case of Thomas v. Ardenwood Properties, 10-26 (La.App. 1 Cir. 6/11/10), 43 So.3d 213, for its position that Mr. Udomeh is required to successfully file suit under La.Civ.Code art. 198 to *528 gain the right of action to file his tort suits. In Thomas, a putative father timely brought an action for the wrongful death of his illegitimate child who was killed in a fire. In that case, the defendants filed an exception of no right of action resulting from the putative father’s failure to establish paternity within the delays set forth in La.Civ.Code art. 198. The court in Thomas, while acknowledging the right granted by our tort laws for a biological father to bring a wrongful death action on behalf of his illegitimate son, held the father can only do so after establishing paternity through La.Civ.Code art. 198.
I respectfully disagree with the first circuit’s decision in Thomas, and instead find the case of Gibbs v. Delatte, 05-821 (La.App. 1 Cir. 12/22/05), 927 So.2d 1131, which was another first circuit case, is a sounder interpretation of the interplay between the tort and family law articles at issue in this case. In Gibbs, the alleged half-siblings of their decedent half-brother, born out of wedlock, brought wrongful death and survival actions following a fatal automobile accident. As here, the defendants in Gibbs filed an exception of no right of action contending the half-siblings were not entitled to bring the wrongful death or survival actions because they did not institute a timely filiation action pursuant to former La.Civ.Code art. 209 (which dealt with a child’s action to determine paternity). The court in Gibbs held La. Civ.Code art. 209 could not override the rights given |4by La.Civ.Code arts. 2315.1 and 2315.2 to file their tort claims, provided they do so within the time delays allowed by law governing delictual actions.
Defendants attempt to distinguish Gibbs because it involved relationships between siblings rather than the parent/child relationship as here. While this distinction is true, it does not diminish the court’s finding that the inherent right provided to file suit to the class of litigants in La.Civ.Code arts. 2315.1 and 2315.2 cannot be overridden by a statute found in the family law section of the civil code.
I also am troubled by the timeline of events in this case. The death of S.U. occurred on February 21, 2009. The lawsuit was filed on September 9, 2009. On November 24, 2009, University Medical Center answered the lawsuit without raising any exceptions. On December 15, 2009, the State of Louisiana, through the Department of Social Services filed only a declinatory exception of insufficiency of process. No exception of lack of procedural capacity was filed until after one year passed from the death of S.U. Clearly, the Defendants waited for that date to pass before filing that exception. Had an exception of lack of procedural capacity been filed earlier, Mr. Udomeh could have cured the procedural defect.
I also find the interests of justice are not furthered by the majority’s decision to grant the Motion to Strike in this case. Defendants clearly were attempting to keep out evidence which Mr. Udomeh desired to present to establish he was the biological father of S.U. At the hearing on the exception, counsel for Mr. Udomeh argued that Mr. Udomeh is listed as the father of S.U. on the birth certificate, and has at all times maintained himself out to the community as S.U.’s father. It was also asserted that Mr. Udomeh provided support voluntarily to the child for years, until the mother filed for state mandated child support in 2001. Court proceedings were then held wherein it was determined Mr. Udomeh was indeed the biological father of S.U., and he was ordered to pay monthly child support. Lastly, it was noted that Mr. Udomeh was listed as the father on the death certificate. There was Lno argument from defendants at the hearing disputing any of the assertions *529 made by Mr. Udomeh’s counsel. Instead, Defendants filed the Motion to Strike in an attempt to keep any such evidence of Mr. Udomeh’s acknowledgment of S.U. from being brought out. Given the trial judge’s statement that he had “no doubt that [Mr. Udomeh] acknowledged the child,” I believe the granting of the Motion to Strike would promote a grave injustice Defendants knowingly seek to benefit from, despite the fact that an action was instituted in which filiation was asserted within one year. The caption of Mr. Udomeh’s suit or the improper joinder of his claims or issues in his petition should not defeat his La.Civ.Code arts. 2315.1 and 2315.2 wrongful death and survival actions when the law provides an alternative to Defendants, i.e., severance of the claims by filing a dilatory exception under La.Code Civ.P. art. 926(A)(7) (improper cumulation of actions, including improper joinder of parties). None of the Defendants filed such an exception in this case. Louisiana Code of Civil Procedure article 926(A)(6) also provides that the “Lack of procedural capacity” must be raised by dilatory exception. Defendants also failed to raise this ground; and, paragraph B of this article clearly provides “[a]ll objections which may be raised through the dilatory exception are waived unless pleaded therein.” (Emphasis added). Further, Mr. Udo-meh’s attorney, like many yet to face the harsh application of La.Civ.Code art. 198 if the majority opinion stands, will potentially face a malpractice claim. This would, in my view, be a double injustice!