KIMBALL, C.J.,
dissenting.
_JjI respectfully dissent from the majority opinion, which reverses the judgments of the lower courts and concludes Udomeh’s petition pled sufficient facts to state an avowal action under Louisiana’s fact-pleading system. In my opinion, Udomeh’s petition fails to allege any facts sufficient to provide notice that an action to establish paternity was asserted. Instead, it contains the conclusory statement, “the paternity of the child has been established since birth.” This statement indicates Udo-meh’s paternity is no longer at issue in this case. The majority opinion, however, fails to mention this statement or include it in its fact-pleading analysis.
In reaching its conclusion, the majority opinion relies heavily upon Greemon v. City of Bossier City, 10-2828, 11-0039 (La.7/1/11); 65 So.3d 1263, and Reese v. State Dep’t of Public Safety & Corrections, 03-1615 (La.2/20/04); 866 So.2d 244, two cases in which this Court explained how our fact-pleading system works. The Court in Greemon explained under Louisiana’s fact-pleading system, “[S]o long as the facts constituting the claim or defense are alleged or proved, the party may be granted any relief to which he is entitled under the fact-pleadings and evidence.” 10-2828 at p. 8, 65 So.3d at 1268 (citations omitted). The Court further explained, *354 “La. C.C.P. art. 891 provides a petition ‘shall state a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the ^transaction or occurrence that is the subject matter of the litigation.’ ” 10-2828 at p. 8, 65 So.3d at 1268.
As to what constitutes a “material fact,” Louisiana commentary provides, “[t]he Code requires the pleader to state what act or omission he or she will establish at trial....” Id. (citing 1 Frank L. Maraist et ah, Louisiana Civil Law Treatise: Civil Procedure § 6:3 at 143 (2d ed.2008)(footnote omitted)). The Court thereafter stated, “[a]s the above commentary indicates, a fact is ‘material’ if it points to a violation of the applicable law.” 10-2828 at p. 9, 65 So.3d at 1269. In a footnote, the Court also acknowledged, “it is well-established that the ‘mere conclusion’ of a violation of the law is insufficient to ‘set forth a cause or right of action.’ ” 10-2828 at p. 10, 65 So.3d at 1269 (citing Montalvo v. Sondes, 93-2813, p. 4 (La.5/23/94); 637 So.2d 127, 131). Applying these principles, the court in Greemon concluded the initial petition, which alleged conduct permitted by law, failed to raise a material fact in support of a cause of action under the Open Meetings Law.
I believe the allegations in Udomeh’s petition are similarly insufficient to state an avowal action under the fact-pleading system. The majority opinion concludes, “[here], the petition alleges a biological relationship between the pleader and the child, as well as his support and acknowledgment of the child. These allegations provided the state defendants with adequate notice of the issue of Udomeh’s paternity.” Op., p. 349. As set forth in the majority opinion, however, Udomeh’s petition alleges: 1) he and Sandra Joseph were the biological parents of their minor child, S.U.; 2) he and Sandra Joseph were never married; 3) paternity of the child had been established since birth; 4) he and Sandra Joseph separated early in the child’s life; and 5) he maintained an active role as father in S.U.’s life at all pertinent times. Udomeh’s petition does not mention his support | .¡and acknowledgement of S.U. As such, the majority’s reliance upon these two factors in its fact-pleading analysis appears erroneous.
Pursuant to the principles espoused in Greemon, it is evident the allegations in Udomeh’s petition are insufficient to state a cause of action for filiation. The petition expressly states Udomeh is the biological parent of S.U. and that “the paternity of the child has been established since birth.” These allegations cannot be considered “material facts” because they do not state “the act or omission that will be established at trial.” Instead, both of these statements are conclusions, indicating Udomeh’s paternity (the act) had already been established. While it is true that fact pleading is the rule in Louisiana, one does not set forth a cause or right of action by setting forth mere conclusions unsupported by alleged facts. In re Bester, 00-2208, p. 8 (La.App. 4 Cir. 9/18/02); 828 So.2d 644, 649 (citing Latham v. Latham, 216 La. 791, 44 So.2d 870, 871 (1950)). In Bester, the court of appeal held the statement of a legal conclusion is insufficient to state a filiation action, where the petition failed to plead any specific facts supporting the claim of paternity, it contained no prayer the plaintiff be recognized as a child of the decedent, and the plaintiff failed to attach any exhibits to his petition tending to prove his allegations. 00-2208 at 7, 828 So.2d at 649. Applying Bester to the instant case, it is clear Udomeh’s petition does not assert material facts sufficient to state a paternity action.
The majority opinion’s reliance upon Reese is also misplaced. In Reese, the *355 issue before the court was whether an amended petition, filed outside the prescriptive period for filiation actions under former La. C.C. art. 209, related back to the original petition. The Court explained, “[t]he essence of interruption of prescription is notice. Thus, the question before this court is whether the allegations of the plaintiffs petition sufficiently put the defendants on notice that a filiation action was at issue in this case.” 03-1615 at pp. 6-7, 866 So.2d at 249. The | original petition provided, “[petitioners, Donald Reese and James J. Nabonne, are the surviving children of James Williams, Jr., who died on April 30, 2000.” 03-1615 at p. 7, 866 So.2d at 249. The petition further provides “[Petitioners, as the sole surviving children of James Williams, Jr.”, plead the survival action and allege the wrongful death of their father. Id. The Court concluded “[T]he bare allegations in the original petition, while not artfully drafted, show an attempt to set forth a filiation action and were sufficient to put the defendants on notice that such was at issue in this case.” 03-1615 at p. 10, 866 So.2d at 250. According to the Court, the “bare allegations” referred to the fact that “Donald Reese identified James Williams, Jr. as his father and himself and James J. Na-bonne, both with different last names from the decedent, as his sole surviving children.” 03-1615 at pp. 9-10, 866 So.2d at 250.
In my opinion, Reese is distinguishable from the instant case in three significant respects. First, Reese involved a wrongful death and survival suit brought by putative children of the deceased, whereas this case involves a wrongful death and survival suit brought by a putative father. The importance of this distinction can be understood in light of the second important distinction between the two cases, which is the fact that Reese involved a prescriptive period and this case involves a peremptive period. In Reese, the applicable article was former La. C.C. art. 209, which provided a one-year prescriptive period on filiation actions filed by children. In contrast, the instant case involves La. C.C. art. 198, enacted in 2005, which sets forth a one-year peremp-tive period on a father’s action to establish paternity. In the Revision Comments to article 198, the legislature explains the State has an interest in requiring parents to conform to societal norms and placing the consequences for nonconformity on the parents and not on the child. The comments further explain the State has an interest in preventing a father, who failed to assume parental responsibilities during a child’s life, from ^benefiting from the child’s death in an unlimited manner. Thus, the law imposes a tougher standard on fathers seeking to establish paternity after a child’s death.
The third reason why Reese is distinguishable from the instant case is because the main issue in Reese was the relation back of an amending petition. In the instant case, the controversy concerns whether the plaintiff pled material facts sufficient to state a filiation claim. While acknowledging these factual distinctions, the majority opinion asserts they do not affect the ultimate holding in Reese that the bare allegations in the original petition gave defendants sufficient notice of a filiation action. Op. at p. 349-50. The majority asserts Udomeh’s petition exceeds the bare allegations in Reese because Udomeh alleged he was the biological father of S.U. and maintained an active role in S.U.’s life.
The majority, however, fails to recognize that the Court in Reese asked whether the original petition provided sufficient notice of a filiation claim because that is the burden of proof required for an amending petition to relate back to the original petition under La. C.C.P. art. 1153. In the instant case, however, where relation back *356 is not at issue, notice is not the deciding factor. Instead, this Court must determine whether Udomeh’s petition pled material facts sufficient to raise a filiation claim. Furthermore, the “bare allegations” the Court found sufficient in Reese, namely that the two putative children who claimed to be the sole surviving children had different last names from each other and from their alleged father, are absent in this case. Here, the child, S.U., shared the same last name as Udomeh. For the above reasons, Reese is clearly distinguishable from the instant case. The same is true for the lower court cases relied upon by the majority, which predate article 198 and involve claims filed by putative children.
A case that is more directly on point is Thomas v. Ardenwood Properties, 10-0026 (La.App. 1 Cir. 6/11/10); 43 So.3d 213, writ den’d, 10-1629 (La.10/8/10); 46 So.3d 1271. In Thomas, the court of appeal held a putative father’s |,¡action to establish paternity was governed by the one-year per-emptive period of article 198 and, as such, could not relate back to the timely-filed wrongful death claims. 10-0026 at pp. 4-5, 43 So.3d at 216. Although the plaintiff in Thomas alleged he was the “natural father” and “natural surviving father” of the child in his original petition for damages, the court of appeal found his petition failed to include a request to be legally recognized as the child’s natural father. 10-0026 at p. 5, 43 So.3d at 216. The court of appeal concluded the plaintiffs action for paternity no longer existed after the expiration of the one-year peremptive period provided in article 198, so nothing existed to which his amending petition could relate back. The court of appeal found plaintiffs reliance upon Reese inappropriate because Reese was decided under former article 209, which placed a prescriptive period on filiation actions, and such holding would not apply to the current matter involving a peremptive period. 10-0026 at p. 6, n. 3, 43 So.3d at 216. The court of appeal recognized the right of a biological father to institute a wrongful death action on behalf of his child born out of wedlock, provided he has complied with the procedural formalities that would allow him to bring such an action. 10-0026 at p. 7, 43 So.3d at 217 (citing Wiggins v. State through Dep’t of Transp. and Dev., 97-0432, p. 4 (La.App. 1 Cir. 5/15/98); 712 So.2d 1006, 1009). Since the court of appeal properly ruled on and sustained the objection of preemption, however, it held plaintiff had no right to pursue the wrongful death claim. Id.
In the instant case, the lower courts properly relied upon Thomas in concluding Udomeh’s ability to establish paternity is perempted and therefore, Udomeh has no right of action to pursue tort claims resulting from S.U.’s death. Unlike the majority, I believe allowing Udomeh to proceed with a paternity suit would offend the public policies behind article 198. One of the purposes behind the one-year peremptive period is to prevent a father who failed to assume parental | ^responsibilities during the child’s lifetime from having unlimited time to bring a wrongful death and survival action. La. C.C. art. 198, Official Revision Comments (d). It is undisputed in this case that when Udomeh learned S.U.’s mother attempted to commit suicide with S.U., he filed a complaint with the Department of Social Services, but failed to take any action to remove S.U. from Sandra Joseph’s custody. Under these circumstances, allowing Udomeh to go forward with a paternity suit and benefit from S.U.’s death goes against public policy. As such, I would affirm the judgments of the lower courts, which granted the defendants’ exception of no right of action.