979 So.2d 687 (2008)
Larry G. OREA, Plaintiff-Appellant,
v.
Raymond BRYANT aka Raymond Joyner, et al., Defendant-Appellee.
No. 43,229-CA.
Court of Appeal of Louisiana, Second Circuit.
April 2, 2008.
Rehearing Denied April 23, 2008.
*688 Larry G. Orea, In Proper Person.
Carola Mamoulides Milkovich, In Proper Person.
John Charles Milkovich, In Proper Person.
Before WILLIAMS, DREW and LOLLEY, JJ.
DREW, J.
Larry G. Orea appeals the granting of an exception which dismissed all claims against his former attorneys. We affirm.

CHRONOLOGY
Mr. Orea employed attorney John Milkovich to pursue two separate tort claims in the First Judicial District, Caddo Parish, relative to different accidents.
The first suit, Orea v. Bryant, was settled against State Farm in February of 1993. The case was settled against all other entities by January of 1996. At issue, much later, would be two checks issued in 1993 by State Farm and made payable to Orea and Mr. Milkovich.
The second suit, Orea v. Scallan,[1] was tried, appealed, and terminated as to all defendants by May of 2000.
In June of 2000, Orea sent a letter to Mr. Milkovich discharging him as his lawyer. After this letter, Mr. Milkovich performed no additional legal work on behalf of Orea.
In July of 2003, Orea wrote a letter to Mr. Milkovich accusing him of fraud.
In May of 2007, over a decade after settlement against all defendants in Orea v. Bryant, Orea filed suit against Mr. Milkovich and his wife, who is also an attorney, utilizing the same docket number and caption as the Bryant suit.[2] Orea claimed that he did not receive all funds to which he was entitled in the Bryant settlements.
In July of 2007, Mr. Milkovich responded with exceptions predicated upon peremption and prescription, as well as other grounds.[3]
On July 30, 2007, Orea signed a certified mail receipt of the notice of the hearing on these exceptions.
The hearing was held on August 6, 2007. Orea was not present. The trial court dismissed Orea's lawsuit on account of peremption. The judgment of the same date dismissed all proceedings against Mr. and Mrs. Milkovich, at the cost of Mr. Orea.

THE CONTROLLING STATUTE
La. R.S. 9:5605. Actions for legal malpractice

*689 A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred. However, with respect to any alleged act, omission, or neglect occurring prior to September 7, 1990, actions must, in all events, be filed in a court of competent jurisdiction and proper venue on or before September 7, 1993, without regard to the date of discovery of the alleged act, omission, or neglect. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.
C. Notwithstanding any other law to the contrary, in all actions brought in this state against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional law corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, the prescriptive and peremptive period shall be governed exclusively by this Section.
D. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
E. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.

DISCUSSION
The pleadings filed by Orea are untimely on their face.
Legal Malpractice
If the claim is predicated upon legal malpractice, Subsection A is controlling and Orea's claims are clearly perempted by statute. Even the most liberal interpretation of the time line reflects that this suit was filed years too late.
Fraud
La. R.S. 9:5605(E) provides that the peremptive period of Section A of this statute does not apply in case of fraud, as defined in La. C.C. art.1953.[4] Even so, *690 Orea's present suit is untimely, and he is still out of court.
The Third Circuit has held that it is only the three-year peremptive period in (A), and not the one-year peremptive period, that is inapplicable to claims of fraud. Dauterive Contractors, Inc. v. Landry and Watkins, XXXX-XXXX (La.App. 3d Cir.3/13/02), 811 So.2d 1242. In other words, there is not a hard and fast three-year limit on bringing the action for fraud, but there is a requirement that the action for fraud be brought within one year of discovery of the allegedly fraudulent acts.
Quite simply, Orea did not bring his claim within one year of the date when he knew or should have known of the alleged fraud. Paragraph 6 of Orea's own petition refers to the July 11, 2003, letter in which he expressed a belief that "fraud was involved" relative to his representation by Mr. Milkovich.

CONCLUSION
The trial court was correct in sustaining the exception of peremption, as there is nothing in this record by which to come to any other conclusion.
We have no doubt as to the sincerity of Orea's belief, mistaken or not, that his case was mishandled, but he filed his suit far too late.

DECREE
At the cost of plaintiff, the ruling of the trial court to grant the exception of peremption is AFFIRMED.

APPLICATION FOR REHEARING
Before WILLIAMS, GASKINS, DREW, MOORE and LOLLEY, JJ.
Rehearing denied.
WILLIAMS, J., would not consider as untimely.
NOTES
[1] Orea v. Scallan, 32,622 (La.App.2d Cir. 1/26/00), 750 So.2d 483.
[2] Larry G. Orea v. Raymond Bryant, et al., No. 370,004, First Judicial District Court, Caddo Parish, Louisiana.
[3] Other exceptions filed were vagueness, insufficiency of pleading, no cause of action, and nonconformity of petition with statutory requirements.
[4] La. C.C. Art. 1953. Fraud may result from misrepresentation or from silence

Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction.