BROWN, Chief Judge.
 

 | ¶ Cassandra Sue Maxine Smith and Warren Slade Holtzclaw are the parents of KMS, who was born on August 25, 2009. Smith and Holtzclaw were never married. On December 14, 2009, Smith filed a petition to establish custody and for child support. In her petition, Smith sought sole custody, or alternatively joint custody with her named as the domiciliary parent, subject to supervised visitation rights in favor of Holtzclaw. An answer was filed by Holtzclaw on January 11, 2010.
 

 A hearing was held on January 21, 2010. Smith and Holtzclaw entered into a consent judgment whereby Smith was designated as the domiciliary parent and Holtzclaw was granted graduated “supervised” visitation. The judgment also set forth the agreed to terms regarding income tax declarations and child support.
 

 In May 2010, Holtzclaw received a letter from Smith which indicated that she intended to marry Laucas Vining and relocate to Kemp, Texas. Holtzclaw, in response to Smith’s request to relocate with KMS, filed a Motion for an Order Preventing Temporary Relocation of Child and Requesting an Order Preventing Permanent Relocation; and a Motion for Change of Domiciliary and Principal Custody, Change of Child Support, and Modification of Prior Judgment. A hearing on these matters was set for July 22, 2010. On the day of the hearing, the parties held a conference with the judge in his chambers and reached a compromise. Thereafter, in open court, Smith withdrew her request to relocate and her attorney stated for the record the stipulated terms of modification to the existing custody order and joint custody implementation plan. The new terms increased Holtzclaw’s | {.visitation rights, time, and frequency and set forth other terms of the custody implementation plan. • Nothing was said concerning “supervised” visitation.
 

 Thereafter, the parties were unable to agree on the form and content of the consent judgment. Specifically at issue was whether the requirement that Holtzclaw’s visitation be supervised survived the subsequent modification. The trial court, after reviewing the transcript from the July 22, 2010, hearing, determined that the requirement that visitation be supervised was not part of the compromise. An amended joint custody implementation plan reflecting such was signed on November 4, 2010, and from this judgment Cassandra Smith has appealed.
 

 Discussion
 

 A consent judgment is a bilateral contract wherein the parties adjust their differences by mutual consent and thereby put an end to a lawsuit with each party balancing the hope of gain against the fear of loss.
 
 McDaniel v. McDaniel,
 
 567 So.2d 748 (La.App. 2d Cir.1990). A consent judgment has binding force from the voluntary acquiescence of the parties, not from the court’s adjudication.
 
 Mobley v. Mobley,
 
 37,364 (La.App.2d Cir.08/20/03), 852 So.2d 1136.
 

 A trial court’s finding of fact will not be disturbed unless the record establishes that a factual, reasonable basis does not exist and the finding is clearly wrong or manifestly erroneous.
 
 Rachal v. Rachal,
 
 35,074 (La.App.2d Cir.10/12/01), 795 So.2d 1286. Under the manifest error standard of review, the only issue to be resolved by the appellate court is whether the trial court’s conclusion was a reasonable one.
 
 Carr v. Oake Tree Apartments,
 
 34,539 (La.App.2d Cir.05/09/01), 786 So.2d 230,
 
 writ denied,
 
 01-1682 (La.09/21/01), 797 So.2d 675.
 

 
 *347
 
 Smith’s contention is that the agreed to compromise only modified the joint custody implementation plan, and since the issue of supervision was never addressed, the original requirement of supervised visitation was still in effect. Holtzclaw argues that the statement dictated in open court by Smith’s attorney reflect the parties’ agreement, and since supervision was not mentioned it is not part of the compromise.
 

 The trial court noted that the amended joint custody implementation plan was the result of Holtzclaw’s motion to be named the domiciliary parent and Smith’s request to relocate. Instead of one party potentially getting far less than they desired, the two parents compromised. Smith would withdraw her request to relocate, Holtzclaw would no longer seek to be designated the domiciliary parent, and he would receive longer and more frequent visitation periods. Both parties agreed to the changes in the visitation terms, and at no time did Smith mention that she desired the visitation to be supervised. The trial court also noted that supervised visitation is generally only required when a parent has serious issues — such as substance abuse or emotional problems — or, as in the present matter, when the parent is not quite old enough or mature enough to care for a newborn baby. The trial court further stated that in the latter scenario supervision is usually only required for a reasonable amount of time, and it noted that KMS was already over a year old. Taking these observations into consideration, the trial court determined that the restriction of supervised | ¿visitation was not a negotiated aspect of the amended joint custody implementation plan.
 

 Based upon our review of the record and the trial court’s stated reasons, and considering that all aspects of the visitation terms other than supervision were precisely discussed and dictated for the record by Smith’s attorney, we do not find that the trial court committed manifest error in reaching its conclusion.
 

 Conclusion
 

 For the foregoing reasons, the amended joint custody implementation plan, as signed by the trial court, is affirmed.