STEWART, J.
|TIn this legal malpractice action, the defendants, David Szwak (“Szwak”), his law firm Bodenheimer, Jones, Szwak, and Winchell, L.L.P., and his insurer, seek supervisory review of the trial court’s denial of their exception of peremption. Because the plaintiff, Larry Carriere, II (“Carri-ere”), did not timely file his legal malpractice action in the proper venue as required by La. R.S. 9:5605, the trial court erred in denying the exception. Therefore, we vacate the trial court’s ruling, grant Szwak’s exception of peremption, and dismiss the plaintiffs action with prejudice.
FACTS
In July of 2003, Carriere, then a resident of Lafayette Parish, hired Szwak, a Shreveport attorney, to represent him in a suit against Experian Information Solutions, Inc. (“Experian”). Szwak filed suit against Experian in the federal district court in Shreveport. On February 21, 2006, Carriere filed a legal malpractice suit in Lafayette Parish against Szwak.
Carriere alleges in his petition that on November 19, 2004, he authorized Szwak to solicit offers from Experian, but he did not authorize Szwak to settle the case. On February 22, 2005, Szwak faxed a settlement and release document to Carriere at his in-laws’ residence. Carriere claims that when he learned of the settlement, he sent an email to Szwak seeking an explanation, but Szwak did not respond. Carri-ere alleges that he subsequently made it clear to Szwak that he had not authorized or agreed to a settlement. Carriere claims that Szwak then “engaged in an elaborate campaign to obscure the truth suggesting that he had emails from [Carriere] grant- *283 tag authority to settle.” Carriere further alleges that his case against | {¡Experian was dismissed in April of 2005 without notice to him due to Szwak’s failure to file for an extension to prevent dismissal when the settlement was not consummated. Carriere claims that he did not learn of the dismissal until June of 2005.
In response to Carriere’s suit, Szwak filed an exception of improper venue on June 12, 2006. Because he practiced in Shreveport, filed suit against Experian in federal district court in Shreveport, and did all the work on the case there, Szwak asserted that venue was proper in Caddo Parish, not Lafayette Parish.
The exception languished due to continuances of hearing dates, a discovery dispute that led Szwak to move for a protective order, and the withdrawal of Carriere’s attorney. Before a hearing date in July of 2008, the parties agreed to a consent judgment, which states in relevant part:
The parties agreed to remove the hearing from the docket. Plaintiff agrees to the granting of this Consent Judgment, maintaining the Exception of Improper Venue due to this action being filed in a parish of improper venue, and the transferring of this suit to Caddo Parish.
The trial judge signed the consent judgment on July 21, 2010. The matter was transferred to the First Judicial District Court in Caddo Parish in August of 2010, and Carriere’s petition was filed on February 8, 2011.
Szwak answered the petition and filed a peremptory exception. He asserted that the action was perempted on the face of the petition and that the burden was on Carriere to show why his claim was not perempted.
The trial court heard Szwak’s peremptory exception on February 13, 2012. At the hearing, Carriere, through his wife who enrolled as counsel, Largued that his malpractice claim is not perempted because his petition alleges fraud by Szwak. The trial court was not persuaded by this argument. Instead, the pertinent issue for the trial court was whether the action should be viewed as a new filing to which the peremptive period would apply or whether, since the peremptive period had lapsed, the parties agreed to transfer the action to Caddo to continue litigation. Szwak asserted that peremption did not become a viable defense until the consent judgment resolved the pending venue exception. Carriere asserted that the consent judgment merely effected a transfer to Caddo and did not state that venue was improper in Lafayette.
After arguments, the trial court stated that “had the parties not agreed to transfer to Caddo, I would say, yes, exception granted.” However, the trial court denied the exception upon concluding “that the parties agreed to transfer the case to this jurisdiction for litigation because at the time of the agreement ... the principles of peremption, the one or the three-year, would have already been in effect.”
Szwak filed a writ with this court seeking supervisory review of the trial court’s ruling. We granted his writ, and the matter is now before us for review.
DISCUSSION

Applicable Law

An objection of peremption is raised by the peremptory exception. La. C.C.P. art. 927(A)(2). The rules that govern the burden of proof as to prescription likewise govern peremption. Rando v. Anco Insulations, Inc., 2008-1163 (La.5/22/09), 16 So.3d 1065. As such, the party who raises an exception of peremption ordinarily bears the burden of proof at *284 trial on the exception. Id.; Hunter v. Jindal, 45,130 (La.App.2d Cir.10/13/09), 20 So.3d 592, writ denied, 2009-2237 (La.10/15/09), 18 So.3d 1292. However, when peremption is evident on the face of the petition, the burden is on the plaintiff to prove that his action is not perempted. Hunter, supra.
When a peremptory exception is pleaded prior to trial, the parties may introduce evidence to support or controvert the objection pleaded, when the grounds thereof do not appear from the petition. La. C.C.P. art. 932. When evidence is introduced, the trial court’s factual conclusions are reviewed under the manifest error / clearly wrong standard. Smith v. Slattery, 38,693 (La.App.2d Cir.6/23/04), 877 So.2d 244, writ denied, 2004-1860 (La.10/29/04), 885 So.2d 592. However, when no evidence is introduced at the hearing on the exception of peremption (prescription), all allegations of the petition are to be accepted as true. Cichirillo v. Avondale Industries, Inc., 2004-2894 (La.11/29/05), 917 So.2d 424; Sanders Family, LLC No. 1 v. Sanders, 46,476 (La.App.2d Cir.12/14/11), 82 So.3d 434, writ denied, 2012-0414 (La.4/9/12), 85 So.3d 702.
Actions for legal malpractice are governed by La. R.S. 9:5605, which provides, in relevant part:
A.No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and [fiproper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred.
[[Image here]]
The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.
C. Notwithstanding any other law to the contrary, in all actions brought in this state against any attorney at law duly admitted to practice in this state, ... the prescriptive and peremptive period shall be governed exclusively by this Section.
[[Image here]]
E. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.
When a law is clear and unambiguous and its application does not lead to absurd consequences, it shall be applied as written with no further interpretation made in search of the legislature’s intent. La. C.C. art. 9. The clear and unambiguous language of La. R.S. 9:5605(A) provides that no legal malpractice action “shall be *285 brought unless filed in a court of competent jurisdiction and proper venue” within the periods of limitation set forth in the statute. As expressly stated in the statute, both the one-year and three-year periods of limitation for filing a legal malpractice action are peremptive. Jenkins v. Starns, 2011-1170 (La.1/24/12), 85 So.3d 612; Naghi v. Brener, 2008-2527 (La.6/26/09), 17 So.3d 919; Reeder v. North, 97-0239 (La.10/21/97), 701 So.2d 1291. Moreover, the statute expressly provides that the one-year and three-year peremptive periods may not be renounced, interrupted, or suspended. Jenkins, supra; Reeder, supra.

Analysis:

The initial burden of proof was on Szwak to prove the grounds of the exception. Szwak admitted the entire suit record into evidence. The record includes the initial pleadings, the exception of improper venue, and the consent judgment from the proceedings in Lafayette Parish, as well as the transfer notices, pleadings, and peremptory exception filed in Caddo Parish.
The record shows that peremption is evident on the face of Carriere’s petition. The petition alleges that Carriere learned of the unauthorized settlement on February 22, 2005, and that he learned in June of 2005 that his case against Experian had been dismissed. Though Carriere filed suit in Lafayette Parish on February 21, 2006, within one year of his learning of the allegedly unauthorized settlement, his action was met with Szwak’s exception of improper venue. Szwak’s exception to venue was not resolved until the parties agreed to the consent judgment, which was signed by the trial judge on July 21, 2010. After transfer of the action, Carriere’s petition was filed in Caddo Parish on February 8, 2011, years after the one-year and three-year peremptive periods provided in La. R.S. 9:5605 lapsed. Because peremption is evident on the face of the petition, the burden was on Carriere to prove that his action had not perempted. Carriere did not introduce any evidence.
|7Review of the hearing transcript shows that the trial court would have granted the exception of peremption but for the fact that the parties entered a consent judgment. Because the parties agreed to the consent judgment at a time when the per-emptive period would bar Carriere’s action, the trial court interpreted the consent judgment as an agreement to transfer Carriere’s action to Caddo for litigation and for that reason denied the exception of peremption.
A consent judgment is a bilateral contract between the parties that is accepted by the court. Gray v. Gray, 37,884 (La.App.2d Cir.12/12/03), 862 So.2d 1097. Its binding force derives from the voluntary acquiescence of the parties rather than from the court’s adjudication. Id.; Smith v. Holtzclaw, 46,278 (La.App.2d Cir.4/13/11), 62 So.3d 345. A judgment that results from the assent of the parties should be accorded sanctity under the law. Plaquemines Parish Government v. Getty Oil Co., 95-2452 (La.5/21/96), 673 So.2d 1002. As a contract, a consent judgment is to be interpreted in accordance with the common intent of the parties. La. C.C. art. 2045; Sutherlin v. Sutherlin, 05-535 (La.App.5th Cir.2/3/06), 930 So.2d 51. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent. La. C.C. art. 2046; Gray, supra. When a contract can be interpreted within its four corners, its interpretation presents a question of law, and appellate review is limited to whether the trial court was legally correct or incorrect. Green Clinic, L.L.C. v. Finley, 45,141 (La.App.2d Cir.1/27/10), 30 So.3d 1094.
*286 |sWe find that the trial court’s interpretation was legally incorrect. Under the consent judgment, Carriere agreed to “maintaining the Exception of Improper Venue due to this action being filed in a parish of improper venue, and the transferring of this suit to Caddo Parish.” The consent judgment states that the exception of improper venue is “granted.” The language of the consent judgment is clear, explicit and leads to no absurd consequences. The consent judgment is a determination that venue was improper in Lafayette Parish and an agreement to transfer the action to Caddo Parish. Transfer to a court of proper venue is appropriate when an action is brought in a court of improper venue. La. C.C.P. art. 121. The parties did not merely agree to move venue; they agreed that the action had been filed in an improper venue and therefore agreed to the transfer to Caddo. Nothing in the consent judgment precluded Szwak from filing the exception of per-emption upon the filing of Carriere’s action in Caddo Parish.
As argued by Szwak, the effect of the trial court’s ruling is that he renounced peremption by entering the consent judgment. This result is prohibited by La. R.S. 9:5605(B), which provides that per-emption may not be renounced, interrupted, or suspended. Additionally, no legal malpractice action may be brought unless timely filed in a court of competent jurisdiction and proper venue. La. R.S. 9:5605(A). By the consent agreement, Carriere admitted that venue was improper in Lafayette Parish.
In Burns v. Goudeau, 2004-821 (La.App. 3d Cir.11/10/04), 888 So.2d 1031, the third circuit affirmed the trial court’s granting of an exception |flof peremption under facts similar to those here. The action was filed in Bossier Parish on October 5, 2001, within one year of discovery of the legal malpractice on October 14, 2000. However, the district court granted the defendant’s exception of improper venue and transferred the matter to St. Landry Parish on December 20, 2001, where the plaintiffs action was filed on February 2, 2002. The defendant then filed the exception of peremption. It was granted due to the action not being timely filed in the proper venue, St. Landry Palish.
The Burns decision supports a finding here that Carriere’s action is perempted. The action was not filed in a proper venue until after the expiration of the peremptive periods. However, Carriere makes three arguments on appeal. First, he argues that he timely exercised his right thereby interrupting peremption. Second, he argues that he has pled fraud to which the peremptive periods do not apply. Alternatively, he asserts that the matter should be remanded to the district court for reconsideration of the exception of peremption under Land v. Vidrine, 2010-1342 (La.3/15/11), 62 So.3d 36. We will address these three arguments to determine whether they have merit.
Citing La. C.C. arts. 3458, 3461, and 3462, Carriere argues that, even though he commenced the action in an improper venue, he timely exercised his right and thereby interrupted the peremptive period by serving Szwak. Article 3458 defines per-emption as “a period of time fixed by law for the existence of a right” and provides that “[ujnless timely exercised, the right is extinguished upon the expiration of the peremptive period.” While La. CjC.10 art. 3461 provides that peremption may not be renounced, interrupted, or suspended, Revision Comment (c) states:
Nevertheless, when an action asserting a right subject to peremption has been commenced or served as provided in Article 3462, the right has been exercised and so long as the action is pend *287 ing the lapse of the period of peremption does not extinguish the right.
Finally, La. C.C.P. art. 3462, which addresses the interruption of prescription, provides that an action commenced in an incompetent court or improper venue interrupts prescription as to a defendant served with process within the prescriptive period.
We find that Carriere’s argument is not persuasive under the explicit provisions of La. R.S. 9:5605 and the repeated pronouncements of the supreme court that the one-year and three-year periods are per-emptive and may not be renounced, suspended, or interrupted. Jenkins, supra; Naghi supra; Reeder, supra. Moreover, La. R.S. 9:5605(C) states:
C. Notwithstanding any other law to the contrary, in all actions brought in this state against any attorney at law duly admitted to practice in this state ... the prescriptive and peremptive period shall be governed exclusively by this Section.
Applying this provision, nothing in the statute provides for the interruption of the peremptive periods by service when the action is brought in an improper venue. In fact, a legal malpractice action may be brought only by filing timely in a court of competent jurisdiction and proper venue. Accordingly, we find no merit to this argument.
Next, Carriere argues that the per-emptive periods do not apply because his petition alleges fraud. La. R.S. 9:5605(E) provides that the peremptive periods shall not apply in cases of fraud as defined by La. C.C. Inart. 1953. Carriere asserts that his petition alleges that Szwak settled his case without authority and that he “engaged in an elaborate campaign to obscure the truth[.]” Carriere asserts that these are sufficient facts to constitute an allegation of fraud.
Jurisprudence applies the fraud exception under La. R.S. 9:5605(E) in cases where it was the fraudulent act itself that constituted the alleged malpractice; it is not applied where fraud is alleged in the actions taken after the malpractice has occurred. Smith v. Slattery, supra; Broadscape.com, Inc. v. Matthews, 2007-0545 (La.App.4th Cir.3/5/08), 980 So.2d 140; Brumfield v. McElwee, 2007-0548 (La.App.4th Cir.1/16/08), 976 So.2d 234. Also, this court has followed the third circuit in holding that only the three-year peremptive period is inapplicable to claims of fraud. An action for fraud must be brought within one year of the discovery of the allegedly fraudulent acts. Orea v. Bryant, 43,229 (La.App.2d Cir.4/2/08), 979 So.2d 687, citing Dauterive Contractors, Inc. v. Landry & Watkins, 2001-1112 (La.App.3d Cir.3/13/02), 811 So.2d 1242.
Applying the above principles, we find that Carriere’s allegations do not preclude application of the peremptive periods. First the alleged malpractice is the settlement without authorization. The allegation that Szwak engaged in a campaign to obscure the truth pertains to efforts to cover up the alleged malpractice. Additionally, the action was not properly filed in a court of competent jurisdiction and proper venue until February 8, 2011, several years after Carriere’s discovery of the allegedly fraudulent acts. For these reasons, we find no merit to Carriere’s argument.
|12In the event that this court would reverse the trial court’s ruling, Car-riere argues that we must remand to the trial court for reconsideration of the exception of peremption in light of Land, supra, which holds that “a trial court considering an exception of peremption must make an independent venue ruling for the limited purpose of deciding the exception of per- *288 emption.” Carriere asserts that the trial court must make an independent determination of whether venue was proper in Lafayette in order to determine whether his action is perempted.
The Land case arose from a succession proceeding that had been filed in East Baton Rouge Parish. A dispute among the decedents’ children led to the filing of a legal malpractice action in East Baton Rouge Parish. The defendant filed an exception of improper venue contending that venue was proper in Lafayette Parish where he was domiciled, where his law practice was located, and where he had drafted the legal documents. The trial court granted the exception and transferred the case to Lafayette Parish. The defendant then filed an exception of per-emption, which was granted. The Lafayette Parish trial court believed that the law of the case doctrine applied to the venue ruling of the East Baton Rouge Parish court.
On appeal to the third circuit, the plaintiffs continued to assert that venue had been proper in East Baton Rouge Parish and that the trial courts erred in granting the exceptions of improper venue and per-emption. Affirming the granting of the exception of peremption, the third circuit found that the plaintiffs had waived their objection to the East Baton Rouge Parish trial court’s venue ruling by not applying for supervisory writs.
11sThe supreme court agreed that the plaintiffs had waived their right to challenge the venue ruling, but the court concluded that the transferee court could consider the venue issue for purposes of peremption. This consideration of venue would not affect the choice of forum, but would assist in deciding whether the action is still viable. The supreme court explained that the law of the case doctrine did not apply “in the context of a trial court ruling on interlocutory issues or a transferee court being asked to consider a ruling of the transferor court.” Id., 2010-1342, p. 9, 62 So.3d at 41. Instead, a trial court “must consider all the grounds for peremption, including whether the case was timely filed in a court of proper venue.” Id. The court concluded, “[i]n the absence of a legal barrier precluding consideration of the issue,” the ruling on the exception of improper venue should have been presented as evidence in support of the exception of peremption rather than as conclusion of law.
Szwak argues that the consent judgment is a legal barrier that precludes consideration of the venue issue in this case. We agree. This is not a situation as in Land, supra, where a trial court ruled venue to be improper and where the plaintiffs still maintained upon transfer that venue was proper in the original parish of filing. Here, Carriere entered a consent judgment granting Szwak’s exception of improper venue. Carriere agreed that he filed the action in a parish of improper venue and agreed to a transfer to Caddo. A review by the trial court of whether venue was proper in Lafayette would be inconsistent with the clear and unambiguous consent judgment by which the parties settled the issue of venue. Carriere, who has h4not asserted any error, fraud, or other grounds for rescinding the consent judgment as provided in La. C.C. art. 3082, would have “another bite at the apple.” He would have the opportunity to argue, contrary to the consent judgment he freely entered, that venue was proper in Lafayette. While Carriere may have made a bad bargain by agreeing to the consent judgment and, consequently, subjecting his action to the exception of per-emption, it is not for the courts to undermine the consent judgment and save him from the effects of his bargain. Martin *289 Forest Products v. Grantadams, 616 So.2d 251 (La.App. 2d Cir.1993), writ denied, 619 So.2d 580 (La.1993).
Carriere does not even argue specifically that venue was proper in Lafayette Parish. He merely points out that he resided there when he hired Szwak and signed the retainer agreement. These facts do not support venue in Lafayette Parish. It is undisputed that Szwak filed Carriere’s suit against Experian in federal district court in Caddo Parish and that Szwak’s practice is in Caddo. The Code of Civil Procedure venue provisions provide that an action against an individual is brought in the parish of his domicile and that actions for damages may also be brought in the parish where the wrongful conduct occurred or where the damages were sustained. La. C.C.P. art. 42(1) and La. C.C.P. art. 74. For purposes of legal malpractice actions, where the wrongful conduct occurred or where damages were sustained is generally the parish where the defendant’s law office is located, Clarendon National Ins. Co. v. Carter, 39,622 (La.App.2d Cir.5/11/05), 902 So.2d 1142, writ denied, 2005-1567 (La.1/27/06), 922 So.2d 544, or the parish of the underlying litigation when the wrongful conduct occurred there or | ir,damages were sustained there, Chumley v. White, 46,479 (La.App.2d Cir.11/9/11), 80 So.3d 39, writ denied, 2011-2741 (La.2/17/12), 82 So.3d 288. Under either case, Caddo Parish, not Lafayette Parish, is a proper venue as agreed to by the parties.
For these reasons, we find no merit to Carriere’s argument that Land, supra, requires remand of this case. Because Car-riere did not file this legal malpractice action in a court of competent jurisdiction and proper venue within the peremptive periods provided in La. R.S. 9:5605(A), we find that his action is perempted.
CONCLUSION
For the reasons explained, we reverse the trial court’s overruling of the exception of peremption. We hereby maintain the exception and dismiss Carriere’s action with prejudice. Costs of appeal are assessed against Carriere.
WRIT GRANTED.
JUDGMENT REVERSED and RENDERED.
BROWN, C.J., dissents with written reasons.