WINDHORST, J.,
dissents with reasons.
hi respectfully disagree with the majority, and must dissent for the reasons which follow. While many of the facts of this case present equitable difficulties and beg for a result different than that reached by the trial court, the same can be said of most cases in which the finality of peremption is at issue. Finding the jurisprudence on the applicable statutory law to be convincing, legislative intent to support sustaining the exception, and a lack of evidence of actual fraud, I concur with the dissent of Judge Liljeberg, and offer additional reasons.
LEGISLATIVE INTENT and PREROGATIVES
It is clear from the record that the defendant was negligent in the handling of Mrs. Garner’s case, and that the three-year peremption period had expired. At issue now is whether the exclusion from peremption provided in La. R.S. 9:5605 E in “cases of fraud, as defined in Civil Code Article 1953” is limited to instances where the fraud itself constitutes the act of legal malpractice; or alternatively, whether the exclusion extends to fraud in the concealment of the malpractice. The former would follow the holdings the other Louisiana Courts of Appeal, which maintain the distinctions between prescription and the *1114 finality of peremption. The latter would, for the first time, apply the doctrine of contra non valentem to [2peremption, and would also apply La. C.C. art.l953’s broader definition of fraud, which includes mere silence.
Peremption has always been the legal means by which the legislature provides an absolute deadline which, unlike prescription, is not susceptible to suspensions, interruption, or exclusions. If it is now decided that by enactment of La. R.S. 9:5605 E the legislature also intended to exempt from peremption any fraud which occurs after the act of malpractice and in the concealment thereof, then such fraud would necessarily include “fraud by silence” as defined by La. C.C. art. 1953. If silence, or the simple failure to reveal a negligent act or omission is held to constitute fraud, then every unrevealed negligent act which may constitute legal malpractice would be exempt from the three-year peremption, and would be forever actionable. This would render the three-year peremptive period established by La. R.S. 9:5605 A permanently inapplicable, meaningless, and without effect. That cannot have been the intent of the legislature.
Moreover, given one interpretation which is reasonable, meaningful, and widely accepted in jurisprudence, courts should not choose an alternative interpretation which renders La. R.S. 9:5605 E meaningless and without effect. Champagne v. Am. Alternative Ins. Corp., 12-1697 (La.3/19/13), 112 So.3d 179, 183.
Jurisprudence interpreting La. R.S. 9:5605 E has consistently held that the fraud exclusion applies only where the fraudulent act itself constitutes the malpractice, and not to fraudulent acts or failures to act which occur thereafter. Courts have consistently rejected the claim that concealment of legal malpractice constitutes fraud for the purposes of La. R.S. 9:5605 E. Carriere v. Bodenheimer, Jones, Szwak, & Winchell, L.L.P., 47,186 (La.App. 2 Cir. 8/22/12), 120 So.3d 281; Broadscape.com, Inc. v. Matthews, 07-545, p. 12 (La.App. 4 Cir. 3/5/08), 980 So.2d 140, 147; Brumfield v. McElwee, 07-548 (La.App. 4 Cir. 1/6/08), 976 So.2d 234. Jurisprudence of more than two decades since the enactment of La. R.S. 9:5605 E has been clear and consistent, and the legislature, which was free to amend the statute and legislatively overrule this jurisprudence, has chosen not to do so. As a further indication of its intent, the legislature has allowed the statute and the jurisprudence to remain as is, as should we.
I therefore respectfully dissent from the majority opinion.
NO EVIDENCE OF FRAUD
I am further concerned that before us are only general allegations of fraud which lack any real specifics. The trial court had no evidence before it, and this Court has no evidence or conclusions of fact to consider and to which to apply an alternative interpretation of La. R.S. 9:5605 E. There was no testimony by the Garner’s, Mr. Lizana, or any competent witness as to what was said or occurred which might show that fraud by a concealment of malpractice occurred. Basically, we have only a timeline of events.
For most exceptions, allegations of fact must be taken as true, but rulings on exceptions of peremption in legal malpractice cases involve and depend largely on determinations of fact. Therefore, in the absence of a stipulation of facts, hearings on exceptions of peremption in legal malpractice cases in which fraud is at issue may involve the taking of evidence. Coffey v. Block, 99-1221 (La.App. 1 Cir. 6/23/00), 762 So.2d 1181, writ denied, 00-2226 (La.10/27/00), 772 So.2d 651.
*1115 Because in this exception of peremption facts are relevant and evidence may be admitted at the hearing to overcome the exception, the Garners were entitled to offer evidence of fraudulent acts, but did not. The record does not reflect that the trial judge denied any request for an evi-dentiary hearing; the record indicates that no evidence was offered. Therefore, there is no evidence to support allegations of |4fraud in the record. In the absence of significant evidence of fraud and specificity of allegations, we should not consider disregarding well-settled persuasive jurisprudence in a case which thus far involves only general allegations.
CONCLUSION
This Court should not disregard what I believe is the inescapable — if not obvious— legislative intent of La. R.S. 9:5605 E. Nor should we disturb well-established jurisprudence, albeit persuasive, in a case in which no evidence of fraudulent acts has been presented, and in which even the allegations of fraud are general and lack specifics. Accordingly, I believe that the trial judge did not err in sustaining the exception of peremption.
LILJEBERG, J., dissents with reasons.
hi have considered the opinion of the majority and, based on the applicable jurisprudence as it stands at this point, I cannot agree. For the following reasons, I believe that the trial court properly granted defendants’ Exception of Peremption and dismissed plaintiffs lawsuit.
Ms. Garner asserts that after Mr. Liza-na’s first act of malpractice by failing to timely file a complaint with the medical review panel, Mr. Lizana committed a second act of malpractice when he fraudulently misrepresented and concealed the true status of her case. She argues that Mr. Lizana’s misrepresentation of the status of her case meets all of the elements of a legal malpractice claim, because it occurred during the existence of an attorney-client relationship, was based on negligent representation by Mr. Lizana below the standard of practice, and resulted in loss to Ms. Garner.[10] Ms. Garner claims that Mr. Lizana owed a duty to her, as his client, to disclose the status of her case, and he breached this duty.
This Court has held that separate acts of malpractice shall be considered a single tort where the underlying factual basis is the same and the alleged acts occurred during continuous periods of representation. Gettys v. Sessions and Fishman, L.L.P., 00-1077 (La.App. 5 Cir. 10/31/00), 772 So.2d 874, 877, writ denied, 00-3555 (La.3/16/01), 787 So.2d 311. The Third Circuit reached the same conclusion in Dauterive Contractors, Inc. v. Landry and Watkins, 01-1112 (La.App. 3 Cir. 3/13/02), 811 So.2d 1242.
In Dauterive, the plaintiff filed suit against the defendant law firm, alleging legal malpractice for the law firm’s failure to timely file a proof of claim in bankruptcy court. Id. at 1, 811 So.2d at 1245. The plaintiff also alleged that the law firm committed new, independent, and separate acts of malpractice by its actions after the discovered malpractice, which included the failure to inform the plaintiff that its claim was forever barred in bankruptcy, failure to inform of the legal malpractice or the time limitations associated with legal malpractice actions, and the failure of the law firm to comply with the rules of professional conduct. Dauterive, 01-1112 at 27- *1116 28, 811 So.2d at 1259. The Third Circuit rejected this argument, finding that there was only one act of fault here, namely, the failure to timely file the bankruptcy claim. The Coui't held that whether or not these acts constituted separate acts of malpractice or not, only one tort-legal malpractice-was alleged and it was occasioned by the one act of failing to timely file the bankruptcy claim. Id,
In the present case, Ms. Garner claims that Mr. Lizana’s misrepresentation of the status of her case constitutes a separate act of malpractice, independent of the malpractice in failing to file a complaint with the medical review panel. Although there may have been separate acts alleged, as in Dauterive, there was only tort occasioned by one act of fault. Here, the underlying factual basis is the same for both the failure to timely file a complaint with the medical review panel and Mr. Lizana allegedly misrepresenting the truth by concealing from Ms. Garner that her case had been dismissed. Both acts also occurred during a continuous | .-¡period of representation by Mr. Lizana. Thus, the one tort of legal malpractice alleged in this case was the failure to timely file Ms. Garner’s complaint with the medical review panel within one year of the alleged medical malpractice, or by April of 2005. Accordingly, in my view, the trial court did not err by failing to find that Mr. Lizana’s alleged fraudulent act of intentionally misleading Ms. Garner regarding the status of her case was a separate act of malpractice.
Ms. Garner further argues that the trial court erred by failing to find that the fraud exception of LSA-R.S. 9:5605(E) applies in this case to bar the application of the three-year peremptive period. LSA-R.S. 9:5605(E) has been primarily applied in cases where it is the fraudulent act itself that constituted the malpractice, and not for fraud in the actions taken after the legal malpractice has occurred. See Smith v. Slattery, 38,693, p. 8-9 (La.App. 2 Cir. 6/23/04), 877 So.2d 244, 249, writ denied, 04-1860 (La.10/29/04), 885 So.2d 592. Courts of this state have consistently rejected the idea that the concealment of legal malpractice constitutes fraud under LSA-R.S. 9:5605(E). See Brumfield v. McElwee, 07-548 at 7, 976 So.2d at 240; Broadscape.com, Inc. v. Matthews, 07-545, p. 12 (La.App. 4 Cir. 3/5/08), 980 So.2d 140, 147; and Andre v. Golden, 99-689, pp. 8-9 (La.App. 5 Cir. 12/21/99), 750 So.2d 1101, 1105, writ denied, 00-174 (La.3/17/00), 757 So.2d 643.
In Atkinson v. LeBlanc, 03-365, p. 9 (La.App. 5 Cir. 10/15/03), 860 So.2d 60, 66, this Court rejected the application of LSA-R.S. 9:5605(E) where the malpractice did not involve the fraudulent conduct at issue. In that case, Ms. Atkinson filed suit against her former attorney, Mr. LeBlanc, alleging legal malpractice for negligently representing her in a defamation action. Id. at 2, 860 So.2d at 61. Ms. Atkinson asserted that Mr. LeBlanc failed to take any action in her case for an extended period of time, resulting in the dismissal of her lawsuit on the grounds of abandonment. She further argued that although Mr. LeBlanc | ¿informed her that her case had been dismissed, he fraudulently made her believe that “something could be done” regarding her dismissed suit. Atkinson, 03-365 at 7, 860 So.2d at 65. Ms. Atkinson did not file her legal malpractice lawsuit within three years of the dismissal of her lawsuit as abandoned, but she claimed that the fraud exception in LSA-R.S. 9:5605(E) applied due to Mr. LeBlanc’s fraudulent conduct after her case was dismissed. This Court disagreed and found that the alleged legal malpractice occurred when Mr. LeBlanc neglected to timely take action in Ms. Atkinson’s case, resulting in its dismissal. Id. at 8, 860 So.2d at 65. The Court concluded that the allegations of *1117 fraud concerned only Mr. LeBlanc’s actions after the legal malpractice had occurred; thus, the fraud exception in LSA-R.S. 9:5605(E) was inapplicable. Id.
Similarly, in Corriere v. Bodenheimer, Jones, Szwak, & Winchell, L.L.P., 47,186 (La.App. 2 Cir. 8/22/12), 120 So.3d 281, the defendant allegedly settled the plaintiffs’ case without authorization. The plaintiffs case was ultimately dismissed due to the defendant law firm’s failure to seek an extension to prevent dismissal when the settlement was not consummated. Id. at 2, 120 So.3d at 283. The plaintiff filed suit against the law firm asserting claims of fraud in that defendant settled the case without authority and “engaged in an elaborate campaign to obscure the truth.” However, the Second Circuit found that plaintiffs allegations of fraud did not preclude application of the three-year peremptive period in LSA-R.S. 9:5605, because the alleged malpractice was the settlement without authorization. Corriere, 47,186 at 11, 120 So.3d at 287. Consequently, the allegations that the defendant made substantial efforts to obscure the truth pertained to efforts to cover up the actual malpractice and, thus, they did not trigger the fraud exception under LSA-R.S. 9:5605(E). Id.
1 ^Considering the record before us, along with the applicable law, I do not believe that the trial court erred by finding that the fraud exception in LSA-R.S. 9:5605(E) does not apply to prevent peremption of Ms. Garner’s legal malpractice claims. In my view, we are bound by the applicable jurisprudence as it stands, and we cannot change the law when the result appears to be harsh to a particular litigant. Although I agree that the dismissal of Ms. Garner’s lawsuit was harsh under the circumstances of her case, I believe that the Exception of Peremption filed by the Lizana defendants was properly granted.

. In order to establish a valid legal malpractice claim, the plaintiff must prove: 1) the existence of an attorney-client relationship; 2) negligent representation by the attorney; and 3) loss caused by that negligence. MB Industries, L.L.C. v. CNA Insurance. Co., 11-303, 11-304, p. 15 (La.10/25/11), 74 So.3d 1173, 1184.