# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

DEBRA MILLER

VERSUS

RANDALL LATHERS, ET AL

NO. 2019 CW 1140

**DEC 18 2019**

---

In Re:    Progressive Security Insurance Company as liability carrier and Randall Lathers, applying for supervisory writs, 21st Judicial District Court, Parish of Tangipahoa, No. 2017-3194.

---

**BEFORE:    McCLENDON, WELCH, AND HOLDRIDGE, JJ.**

    **WRIT GRANTED WITH ORDER.** The district court's October 31, 2018 ruling denying the exception of prescription filed by Randall Lathers and Progressive Security Insurance Company, in its capacity as the liability insurer for Randall Lathers, is vacated. Louisiana Civil Code article 3462 provides that "[i]f a suit is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period." Herein, none of the defendants were served within the one-year prescriptive period for delictual actions, as provided by Louisiana Civil Code article 3492. Thus, in determining whether this suit was timely initiated, the 21st Judicial District Court must make an independent determination of whether venue was proper in East Baton Rouge Parish, where the suit was originally filed. See **Land v. Vidrine**, 2010-1342 (La.3/15/11), 62 So.3d 36, 42; but cf. **Carriere v. Bodenheimer, Jones, Szwak, & Winchell, L.L.P.**, 47,186 (La. App. 2d Cir. 8/22/12), 120 So.3d 281, 288 (finding that transfer of venue by consent judgment is a "legal barrier" that precludes independent consideration of the venue issue by the transferee court), overruled on other grounds by **Lomont v. Bennett**, 2014-2483 (La. 6/30/15), 172 So.3d 620, cert. denied, ___ U.S. ___, 136 S.Ct. 1167, 194 L.Ed.2d 178 (2016). This matter is hereby remanded to the 21st Judicial District Court for consideration in accordance with this ruling.

**JEW**
**GH**

**McClendon, J.,** concurs.

COURT OF APPEAL, FIRST CIRCUIT

_Raoul Reed_
DEPUTY CLERK OF COURT
FOR THE COURT