# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## 2019 CA 0550

## CARR AND ASSOCIATES, INC.

### VERSUS

## ROSELLE JONES

**Judgment Rendered:**   DEC 2 7 2019

\* \* \* \* \* \*

On Appeal from the Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Docket No. 2018-10569

Honorable William J. Knight, Judge Presiding

\* \* \* \* \* \*

| | |
|---|---|
| David L. Browne<br>Cynthia M. Cimino<br>New Orleans, Louisiana | Counsel for Plaintiff/Appellee<br>Defendant In Intervention<br>Carr and Associates, Inc. |
| Robert C. Lehman<br>Mandeville, Louisiana | Intervenor/Appellant<br>In Proper Person |
| Bruce M. Danner<br>Madisonville, Louisiana | Counsel for Defendant/Appellee<br>Roselle Jones |

\* \* \* \* \* \*

**BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.**

**McCLENDON, J.**

Intervenor appeals the trial court's judgment granting defendant's Exception of Prescription and dismissing all claims against defendant. For the reasons that follow, we reverse and remand with instructions.

### FACTUAL AND PROCEDURAL BACKGROUND

Roselle Jones ("Ms. Jones") was the owner of property located at 1817 Napoleon Avenue in New Orleans, Louisiana, when it was damaged by a fire. Ms. Jones hired Carr & Associates, Inc., ("Carr") to perform appraisal and estimating services in connection with her resulting insurance claim. The contract was memorialized in writing and set Carr's fees at the rate of $300.00 per hour. Carr submitted a final invoice to Ms. Jones reflecting that Carr last performed work on the contract on February 18, 2014, and that Ms. Jones owed Carr a total of $55,335.00 for the work performed during the insurance appraisal process and subsequent litigation. Ms. Jones paid $5,000.00 of the total amount due.

On June 30, 2014, Carr filed suit against Ms. Jones in the Civil District Court for the Parish of Orleans ("CDC trial court"). Carr's petition alleged that "in accordance with the remuneration agreed upon between the parties, the compensation due to petitioner on open account is $50,335.00." Service on Ms. Jones was unsuccessful. A curator was subsequently appointed, though additional attempts at service were also unsuccessful. On May 8, 2015, the CDC trial court granted summary judgment in favor of Carr against Ms. Jones.

On June 5, 2017, Ms. Jones filed a petition to nullify the May 8, 2015 judgment. Ms. Jones alleged that she had never been served with process, had not waived service, and had not waived objection to jurisdiction. Further, Ms. Jones asserted that there had been no basis to appoint a curator because Carr's counsel, Robert Lehman, had originally requested service at an incorrect address. On August 4, 2017, the CDC trial court executed a judgment of nullity as to the May 8, 2015 judgment.

Following the CDC trial court's judgment of nullity, Mr. Lehman requested service on Ms. Jones through her counsel, Bruce Danner. Ms. Jones was then properly served. Ms. Jones filed a Declinatory Exception of Improper Venue, arguing that St. Tammany

2

Parish was the only parish of proper venue for Carr's suit because Carr and Ms. Jones were both domiciled in St. Tammany Parish, and because Carr did not perform any work on the contract in Orleans Parish. Mr. Danner prepared, and Mr. Lehman signed, a judgment on the Exception of Improper Venue. The below judgment was executed by the CDC trial court on November 3, 2017 ("the November 3, 2017 judgment"):

**JUDGMENT**

The Declinatory Exception of Improper Venue filed on behalf of Roselle Jones, original Defendant and Mover herein, was submitted by consent.

Considering the Record herein and the consent of the respective Parties as reflected by the signatures of their respective attorneys as hereinafter set forth,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED That the Declinatory Exception of Improper Venue is hereby granted.

IT IS FURTHER ORDERED That, and as permitted by LA-C.C.P. Articles 121 and 932, this matter is hereby transferred to the 22nd Judicial District Court for the Parish of St. Tammany; that the Clerk of this Honorable Court proceed in a manner to accomplish the foregoing.

SIGNED on this _____3rd_____ day of November, 2017 at New Orleans, Louisiana.

_____
HONORABLE SIDNEY H. CATES, IV
DISTRICT COURT JUDGE

**BY CONSENT:**
(AS TO TRANSFER ONLY)

_____          _____
ROBERT C. LEHMAN (LSBA 8285)              BRUCE M. DANNER (LSBA 04996)
Law Offices of Robert C. Lehman, LLC      BRUCE M. DANNER, LLC
204 Scotchpine Drive                      209 Highway 22 West, Suite G
Mandeville, Louisiana 70471               Madisonville, Louisiana 70447
Telephone: (985) 778-9891                 Telephone: (985) 792-5220
Electronic Mail: lehman71@hotmail.com     Facsimile: (985) 792-4889
                                          bmd@brucemdannerlaw.com

VERIFIED

ENTERED ON MINUTES

After the November 3, 2017 judgment on the Exception of Improper Venue had been executed by the CDC trial court, and on the same day, Carr filed a Motion to Substitute requesting the withdrawal of Mr. Lehman and substitution of David Browne and Cynthia Cimino as counsel of record on Carr's behalf; the CDC trial court executed the accompanying Order enrolling Mr. Browne and Ms. Cimino as counsel of record; and Carr filed a Memorandum in Opposition to the Exception of Improper Venue through his new counsel. Upon discovering that the CDC trial court had already executed the

judgment on the Exception of Improper Venue, Carr filed a Motion for New Trial. Said Motion was denied.

Upon the transfer of the suit to St. Tammany Parish District Court ("St. Tammany trial court"), Ms. Jones filed an Exception of Prescription. Ms. Jones contended that the November 3, 2017 judgment on the Exception of Improper Venue conclusively established that Orleans Parish was not a parish of proper venue for Carr's claim, such that Carr's original petition filed in New Orleans Parish did not interrupt prescription. Therefore, asserting that Carr's petition was a suit on open account subject to a three-year prescriptive period, Ms. Jones argued that Carr's claim prescribed before the Petition for Nullity had been filed.

On June 22, 2018, Mr. Lehman intervened, seeking an award of his attorney's fees and advanced litigation costs. Mr. Lehman and Carr both opposed the Exception of Prescription.

The St. Tammany trial court heard the Exception of Prescription on September 19, 2018. At the outset of the hearing, Ms. Jones argued that "[t]he preliminary issue [was] whether or not this court should reconsider the consent judgment issued by the [CDC trial court] in regard to venue." Ms. Jones asserted that the November 3, 2017 judgment stating that the Exception of Improper Venue was granted was an "impediment" to the St. Tammany trial court considering venue as an element of prescription because "it's a contract, a settlement between the parties." Therefore, because the St. Tammany trial court could not reconsider the propriety of New Orleans as a parish of proper venue, Ms. Jones argued that Carr's petition was prescribed on its face.

In response, Carr asserted that New Orleans was a parish of proper venue for a suit on open account because work was performed in New Orleans Parish. Carr also argued that his petition was not prescribed on its face, because it asserted contract claims subject to a ten-year prescriptive period.

Mr. Lehman, like Carr, argued that New Orleans was a parish of proper venue because work was performed on the contract in Orleans Parish. However, more significant to our analysis, Mr. Lehman maintained that the November 3, 2017

4

judgment was not a legal barrier to the court considering venue in connection with the Exception of Prescription as said judgment explicitly reflected that he only consented to transfer of the case. He further asserted that he never consented to a finding of improper venue and that the St. Tammany trial court should therefore consider venue as an element of prescription when ruling on Ms. Jones' Exception.

At the conclusion of the September 19, 2018 hearing, the St. Tammany trial court stated in part:

> But, ultimately, this is a consent judgment.
>
> Declinatory Exception of Improper Venue was granted. Article 121 of the Code of Civil Procedure says that in the event that an action is brought in a court of improper venue. So that's that basically a concession that in fact this was [improper venue]. I, frankly, don't think it was. I think it was probably a court of proper venue. Doesn't matter. It's the agreement of the parties.
>
> I fully believe Mr. Lehman, who I've known lots of years, who is an honorable man and a good lawyer, when he says that he was, in his mind, agreeing to the transfer only. But the document itself de facto grants the Exception of Improper Venue…
>
> So, unfortunately, I'm in the position that accepting that judgment as what it is, under the *Carriere* case and others, an agreement between the parties, that the Exception of Prescription is well-founded and it has to be granted.

On October 12, 2018, a written judgment was signed granting Ms. Jones' Exception of Prescription and dismissing all claims against her. Intervenor herein, Mr. Lehman, now appeals, assigning as error:

A. When considering an Exception of Prescription, the transferee court erred in considering a prior ruling on an Exception of Venue by the transferor court to be a conclusion of law. The transferee court must make an independent determination regarding proper venue.

B. When a "consent judgment" rendered without hearing facts or evidence by the transferor court specifically stipulates that a party is consenting only to transfer of the case to another venue, the transferee court erred by considering the judgment to present an adjudicated finding of fact that the original venue was improper.

## LAW & ARGUMENTS

In **Land v. Vidrine**, 2010-1342 (La. 3/15/11), 62 So.3d 36, the Louisiana Supreme Court considered whether a transferee court must make its own venue determination when ruling on an exception of peremption. In **Land**, the plaintiffs filed a legal malpractice suit pursuant to LSA-R.S. 9:5605 in East Baton Rouge District Court

5

("EBR trial court"). The EBR trial court granted the defendant's exception of improper venue. The case was transferred to Lafayette Parish District Court ("Lafayette trial court"), where the defendant filed an exception of peremption. The Lafayette trial court reasoned that it was "obligated to follow the [venue] ruling made in East Baton Rouge District Court as the 'law of the case.'" Because the EBR trial court found venue was improper, and the Lafayette trial court believed it was unable to review that ruling, the Lafayette trial court concluded the filing in Lafayette Parish was untimely on its face. The plaintiffs failed to show why the claim was timely, and the Lafayette trial court found the cause of action was barred by peremption and granted the defendant's exception. **Land**, 62 So.3d at 38.

The Supreme Court in **Land** noted that the Lafayette trial court erred in reasoning that it was precluded from considering the venue issue based on the "law of the case doctrine." Under the "law of the case doctrine," courts of appeal generally refuse to reconsider their own rulings of law on a subsequent appeal in the same case. However, the doctrine does not apply in the context of a trial court ruling on interlocutory issues or a transferee court being asked to consider a ruling of the transferor court. **Land**, 62 So.3d at 41-42. Therefore, having found no merit to the Lafayette trial court's stated reason for failing to consider the venue issue, the Supreme Court considered whether LSA-R.S. 9:5605 allowed or required such consideration. Finding that under LSA-R.S. 9:5606, the trial court that is tasked with determining whether the case is perempted must consider all the grounds for peremption, including whether the case was timely filed in a court of proper venue, the Supreme Court in **Land** wrote:

> La. R.S. 9:5605 provides that no action for damages against attorneys "shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect...." The trial court that is tasked with determining whether the case is perempted must consider all the grounds for peremption, including whether the case was timely filed in a court of proper venue. As we previously stated, the "law of the case doctrine" is not applicable in the instant situation. **In the absence of a legal barrier precluding consideration of the issue**, we find the East Baton Rouge Parish trial court's venue ruling should have been merely presented as evidence in support of the defendant's exception of peremption, not as a conclusion of law. The Lafayette Parish trial court is required to rule on venue only for purposes of deciding whether the cause of action is still viable; the

6

determination, however, has no practical bearing on the actual choice of forum. In other words, the venue decision, when considered in the context of an exception of peremption, does not alter the location of the current and/or future proceedings of the case. If the Lafayette Parish trial court finds that venue was proper in East Baton Rouge Parish, then it is required to deny the defendant's exception of peremption and proceed with the trial in Lafayette Parish. Alternatively, if the Lafayette Parish trial court finds that venue was improper in East Baton Rouge, then it is required to continue its analysis of whether the filing in Lafayette Parish was timely. If the case was not timely filed in Lafayette Parish, the exception of peremption must be granted and the case dismissed. Thus, the only venue ruling in this case that is subject to review by the Louisiana Third Circuit Court of Appeal is the venue finding that is incorporated into the peremption ruling by the Lafayette Parish trial court. This procedure ensures that the appellate courts are only considering judgments within their jurisdiction.

We note that our previous decision of *Phillips v. Patterson Ins. Co.,* 97-2748 (La.1/9/98), 704 So.2d 246, 247 supports this holding. In that case, we stated, "... the trial court's decision on venue was reviewable by the court of appeal and by this court on appeal after trial on the merits, at least for prescription purposes."

**Land**, 62 So.3d at 42 (emphasis added). Thus, the matter was remanded to the

Lafayette trial court to determine whether East Baton Rouge Parish was a parish of

proper venue for purposes of LSA-R.S. 9:5605. **Land**, 62 So.3d at 42.

Mr. Lehman argues that under **Land**, the St. Tammany trial court was required

to make an independent determination regarding proper venue. In response, Ms. Jones

argues that this matter is distinguishable from **Land**, because in this matter the

November 3, 2017 judgment is a bilateral contract that operates as a legal barrier

precluding consideration of venue as an element of prescription, whereas in **Land** the

transferor court issued a considered decree after holding a hearing on an exception of

venue.

Ms. Jones, like the St. Tammany trial court, relies on the Second Circuit's

decision in **Carriere v. Bodenheimer, et al.**, 47,186 (La.App. 2 Cir. 8/22/12), 120

So.3d 281. In **Carriere**, the parties agreed to a consent judgment, which stated in

relevant part:

> The parties agreed to remove the hearing from the docket. Plaintiff agrees to the granting of this Consent Judgment, maintaining the Exception of Improper Venue due to this action being filed in a parish of improper venue, and the transferring of this suit to Caddo Parish.

**Carriere**, 120 So.3d at 283. The case was transferred, and an Exception of Improper

Venue was filed. The transferee trial court interpreted the consent judgment as an

7

agreement to transfer the action to Caddo for litigation, and for that reason denied the exception of peremption. **Carriere**, 120 So.3d at 286. However, the Second Circuit in **Carriere** determined that the transferee trial court had erred, writing:

> We find that the trial court's interpretation was legally incorrect. Under the consent judgment, Carriere agreed to "maintaining the Exception of Improper Venue due to this action being filed in a parish of improper venue, and the transferring of this suit to Caddo Parish." The consent judgment states that the exception of improper venue is "granted." The language of the consent judgment is clear, explicit and leads to no absurd consequences. The consent judgment is a determination that venue was improper in Lafayette Parish and an agreement to transfer the action to Caddo Parish. Transfer to a court of proper venue is appropriate when an action is brought in a court of improper venue. La. C.C.P. art. 121. The parties did not merely agree to move venue; they agreed that the action had been filed in an improper venue and therefore agreed to the transfer to Caddo. Nothing in the consent judgment precluded Szwak from filing the exception of peremption upon the filing of Carriere's action in Caddo Parish.

**Carriere**, 120 So.3d at 286. The **Carriere** Court then considered the Supreme Court's decision in **Land**, and concluded that the consent judgment was a legal barrier precluding consideration of venue. *Id.* The Second Circuit therefore reversed the transferee trial court's denial of the exception of preemption, maintained the exception, and dismissed the suit with prejudice. *Id.* at 289.

In this matter we are called upon to determine whether the November 3, 2017 consent judgment constitutes a legal barrier precluding consideration of whether this matter was timely filed in a court of proper venue in the context of Ms. Jones' Exception of Prescription. See **Land**, 62 So.3d at 42. A consent judgment is a bilateral contract between the parties by which the parties adjust their differences by mutual consent, with each party balancing his hope of gain against his fear of loss. **Hebert v. Drewitz**, 2009-0798 (La.App. 1 Cir. 10/27/09), 29 So.3d 607, 608. Its binding force arises from the voluntary acquiescence of the parties, rather than the adjudication by the court. **Mayo v. Hutchison**, 2016-1642 (La.App. 1 Cir. 9/27/17), 232 So.3d 567, 574. Further, interpretation of a consent judgment, i.e., a contract between parties, is a determination of the common intent of the parties, and when the words of the contract are clear and explicit and lead to no absurd consequences, the intent of the parties is to be determined by the words of the contract. LSA-C.C. art. 2045; **Richardson v. Richardson**, 2002-2415 (La.App. 1 Cir. 7/9/03), 859 So.2d 81, 84. A contract is

8

considered ambiguous on the issue of intent when it lacks a provision bearing on the issue, its written terms are susceptible to more than one interpretation, there is uncertainty as to its provisions, or the parties' intent cannot be ascertained from the language used. **Guest House of Slidell v. Hills**, 2010-1949 (La.App. 1 Cir. 8/17/11), 76 So.3d 497, 499-500. Whether a contract is ambiguous or not is a question of law and subject to the *de novo* standard of review on appeal. *Id.* at 499.

Looking within the four corners of the November 3, 2017 consent judgment on the Exception of Prescription, we do not find that the judgment constitutes a legal barrier precluding consideration of venue as an element of prescription. The judgment states that the Exception of Improper Venue is "granted" and "hereby transferred to the 22nd Judicial District Court for the Parish of St. Tammany." However, above Mr. Lehman's signature, it provides in capitalized and bolded font that Mr. Lehman executed the judgment "BY CONSENT: (AS TO TRANSFER ONLY)". This language is not susceptible to more than one interpretation, and there is no uncertainty as to its effect. The words of this contract plainly and explicitly reflect that Mr. Lehman consented to this judgment as to the transfer of this matter to the St. Tammany trial court only. There is no evidence whatsoever of any intent on the part of Mr. Lehman to consent to a legal determination that Orleans Parish was a parish of improper venue by his execution of this document. This is in direct contrast to the consent judgment in **Carriere**, in which the "Plaintiff agree[d] to the granting of th[e] Consent Judgment, maintaining the Exception of Improper Venue due to this action being filed in a parish of improper venue." **Carriere**, 120 So.3d at 283. Therefore, we find that the trial court committed legal error in failing to consider whether Carr's original petition was filed in a parish of proper venue before ruling on Ms. Jones' Exception of Prescription.[1]

---

[1] Although it is the firm belief of this Court that the November 3, 2017 judgment at issue is not susceptible to more than one interpretation, we note, out of an abundance of caution, that to the extent these provisions could be considered ambiguous, we would then be required by LSA-C.C. art. 2056 to construe the judgment against Ms. Jones, as the drafter of the contract, and in favor of Carr and Mr. Lehman. ("In case of doubt that cannot be otherwise resolved, a provision in a contract must be interpreted against the party who furnished its text," LSA-C.C. art. 2056). In this event, we would again reach the same conclusion.

## DECREE

For the reasons stated herein, the judgment of the trial court is reversed. The case is remanded to the St. Tammany Parish District Court in St. Tammany Parish to determine whether Orleans Parish was a parish of proper venue.

**REVERSED AND REMANDED.**